UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOWARD M. KERSTINE,

      Plaintiff,

v.                                                          Case No. C-1- 02-080

NINE WEST GROUP, INC.
JONES APPAREL GROUP,

      Defendants.

## ORDER

This matter is before the Court upon defendants' motion for summary judgment (doc. 24), plaintiff's opposing memorandum (doc. 31), and defendants' reply (doc. 38). Defendants have filed proposed findings of fact and conclusions of law which plaintiff has highlighted (doc. 32).

### I. Procedural and factual background

Plaintiff Howard Kerstine originally filed this action in state court against defendants Nine West Group, Inc. (Nine West), his former employer, and Jones Apparel Group (Jones Apparel), the parent company of Nine West. Plaintiff brought claims for age and disability discrimination under Ohio statutory law and the public policy of the State of Ohio. Defendants removed the action to this Court based on the Court's diversity jurisdiction. Following the removal, plaintiff filed an amended complaint in which he added federal claims for age discrimination under the Age Discrimination in Employment Act (ADEA) and for disability discrimination under the

Americans with Disabilities Act (ADA) and a state law claim for promissory estoppel.

Plaintiff's claims arise out of the termination of his employment with Nine West. The parties do not dispute the following facts regarding plaintiff's employment with Nine West and the termination of his employment: Plaintiff became an employee of Nine West when it acquired the Easy Spirit brand from U.S. Shoe Corporation (U.S. Shoe) in 1995. At the time, plaintiff was employed as a sales manager by the Easy Spirit Division of U.S. Shoe. Plaintiff had been working for the Easy Spirit division of U.S. Shoe as a sales manager since 1992, having previously worked for Easy Spirit from approximately 1966 to 1987. By November 1996, plaintiff was Vice President of Sales. He reported directly to Executive Vice President of Sales Rick Paterno. In mid-1998, plaintiff assumed the position of Regional Sales Director (RSD), overseeing a sales region that included Cincinnati.

Defendant Jones Apparel acquired Nine West in June 1999. Plaintiff claims that in or about October 1999, he had a conversation with Paterno, who told plaintiff, "[I]t was his intention to allow me to continue in this capacity, here in Cincinnati, until I decided to retire. He said that he fully intended to protect me and my position here." In May 2001, Muriel (Mim) Schreck became the President of the Easy Spirit Division, replacing Mr. Paterno, who had become President sometime before 2001.

In August 2001, the jobs of 33 Nine West employees were eliminated. Plaintiff's employment was terminated on August 7, 2001. Plaintiff was 59 years old at the time. Eleven or twelve of the 33 employees whose jobs were eliminated received different positions at Nine West. Plaintiff claims that each of these employees who were transferred to different positions in lieu of being laid off were substantially younger than plaintiff.

Following plaintiff's termination, the responsibility for his sole major account, Elder-Beerman, was transferred to Robert Deaton. Plaintiff's responsibilities for supervising Mr. Deaton were assumed by another RSD, Charles Farris. Mr. Deaton and Mr. Farris kept their old duties and performed Mr. Kerstine's duties in addition to their previous responsibilities.

## II. Motion for summary judgment

Defendants move for summary judgment on all claims against them. Defendants present the following arguments in support of their motion: (1) plaintiff's claims against defendant Jones Apparel fail because plaintiff never worked for Jones Apparel and the two defendants are not a "single employer" or "integrated enterprise"; plaintiff's age discrimination claim fails because he cannot establish a prima facie case by identifying the requisite additional direct, circumstantial or statistical evidence; plaintiff cannot establish a prima facie case of disability discrimination; plaintiff has failed to prove that Nine West's proffered reasons for his discharge have no basis in fact, did not actually motivate the lay-off decision, or were insufficient to warrant the challenged conduct; plaintiff's wrongful discharge claim fails because it is premised upon violations of state and federal discrimination statutes and plaintiff has not established he is entitled to relief under those statutes as is required for this claim; and plaintiff's promissory estoppel claim fails because the alleged representations were not sufficiently specific to support such a claim and because plaintiff did not reasonably or detrimentally rely upon the alleged representations.

In response, plaintiff states that he is no longer pursuing his ADA claim and argues that defendants are not entitled to summary judgment on his remaining claims. Plaintiff asserts that there are numerous questions of fact which cannot be decided as a matter of law, including whether there is evidence that substantially younger employees were treated better than plaintiff;

whether there is evidence that defendants' explanations were manifestly unreasonable and therefore pretextual as to defendants' selection of plaintiff for the lay-off list and defendants' failure to follow their own policy and consider plaintiff for transfer to open positions; whether there is evidence that age bias was a determining motivation in plaintiff's termination; and whether there is evidence that defendants made a specific promise of job security until retirement upon which plaintiff reasonably relied. Plaintiff also alleges that there is substantial evidence that Jones Apparel was deeply involved in the termination decisions and is therefore a proper defendant.

### III. Request for oral argument

Defendants have requested oral argument on their motion for summary judgment. The legal issues involved in this case are not complex and they have been fully briefed by the parties. Moreover, for the reasons stated below, the Court finds that it is clear from the record that there are genuine issues of material fact which preclude summary judgment in favor of defendants on the claims plaintiff has elected to pursue. Pursuant to Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Ohio, the Court therefore finds that oral argument is not necessary and defendants' request for same is denied.

### IV. Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. **Celotex Corp. v. Catrett**, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest

upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." ***Anderson v. Liberty Lobby***, 477 U.S. 242, 248 (1986) (quoting ***First Nat'l Bank of Arizona v. Cities Serv. Co.***, 391 U.S. 253 (1968)).  The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. ***Anderson***, 477 U.S. at 255 (citing ***Adickes v. S.H. Kress & Co.***, 398 U.S. 144, 158 (1970)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial.  ***Anderson***, 477 U.S. at 249.  There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  ***Id.*** at 249 (citing ***Cities Serv.***, 391 U.S. at 288-289).  If the evidence is merely colorable, ***Dombrowski v. Eastland,*** 387 U.S. 82, 84 (1967), or is not significantly probative, ***Cities Serv.***, 391 U.S. at 290, judgment may be granted.  ***Anderson***, 477 U.S. at 249.

### V. Opinion

#### A. Claims against Jones Apparel

Plaintiff argues that Jones Apparel is properly considered his employer for purposes of this lawsuit because Jones Apparel and Nine West are a "single employer". To determine whether a parent corporation and its subsidiary are a "single employer" for purposes of liability under the anti-discrimination laws, four factors must be examined: (1) the interrelation of operations (i.e., common offices, common record keeping, shared equipment and finances; (2) common management; (3) centralized control of personnel and labor relations; and (4) common ownership and financial control. ***Swallows v. Barnes & Noble Book Stores, Inc.,*** 128 F.3d 990, 993-94 (6th Cir. 1997).  No single factor is determinative, and all four factors need not be met in every case. ***Id.*** (citing ***Armbruster v. Quinn,*** 711 F.2d 1332, 1337-38 (6th Cir. 1983)).  However, "control

over labor relations is a central concern." *Id.* (citations omitted).

Plaintiff argues that these factors show that Jones Apparel and Nine West are a "single employer". Plaintiff asserts that Jones Apparel has a degree of common management with Nine West, defendants concede there is common ownership and financial control, and it appears Jones Apparel maintains some centralized control of labor relations and personnel matters as evidenced by the involvement of some of its officers in the lay-off and discharge meetings and decisions relating to the August 2001 lay-offs. Defendants dispute that the evidence supports a determination that Nine West and Jones Apparel may be considered a single employer.

The extent of Jones Apparel's involvement in the August 2001 termination decisions and of its control over labor and personnel matters at Nine West is not clear from the record. Plaintiff has come forward with evidence which raises a genuine issue of fact as to whether Jones Apparel was sufficiently involved in the termination process or exercised a sufficient degree of control over Nine West that the two may be considered a single employer for purposes of this lawsuit. Because these matters require further factual development, the Court will not grant summary judgment in favor of Jones Apparel on the ground that it cannot be considered plaintiff's employer for purposes of this lawsuit.

### B. Age discrimination claims

Under the law of this Circuit, the same evidentiary framework applies to discrimination claims brought under Title VII, the ADEA, and state law. ***Allen v. Ethicon, Inc.,*** 919 F. Supp. 1093, 1098 (S.D. Ohio 1996)(Weber, J.)(citing ***Mitchell v. Toledo Hospital,*** 964 F.2d 577, 582 (6th Cir. 1992). A plaintiff claiming age discrimination under these statutes may establish a prima facie case by introducing either direct or circumstantial evidence that the defendant discharged

the plaintiff because of his age. *McDonnell Douglas Corp v. Green,* 411 U.S. 792, 802 (1973); *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1081 (6th Cir. 1994). Plaintiff may establish a prima facie case of age discrimination through circumstantial evidence by showing that: 1) he is a member of a protected class; 2) he suffered an adverse employment action; 3) he was qualified for the position lost or not gained; and 4) his position was filled by someone outside of the protected class. *Manzer,* 29 F.3d at 1081 (citing *McDonnell Douglas,* 411 U.S. at 802; *Gagne v. Northwestern National Insurance Co.,* 881 F.2d 309, 313 (6th Cir. 1989)). In the case of age discrimination, plaintiff can establish the fourth prong of his prima facie case by showing that he was replaced by a substantially younger individual, even if that individual is within the protected class. *O'Connor v. Consolidated Coin Caterers Corporation,* 517 U.S. 308, 313 (1996); see also *Manzer,* 29 F.3d at 1081 n. 2.

Plaintiff may also establish the fourth prong of a prima facie case by showing that he was treated less favorably than a similarly situated employee outside of his protected class. *Clayton v. Meijer, Inc.,* 281 F.3d 605, 610 (6th Cir. 2002) In such a case, plaintiff must prove that all relevant aspects of his employment situation were similar to those of the employee with whom he seeks to compare himself. *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 352 (6th Cir. 1998). To be similarly-situated in a disciplinary context, the individuals must have dealt with the same supervisor, they must have been subject to the same standards, and they must have engaged in the same conduct without such differentiating or mitigating circumstances which would distinguish their conduct or the employer's treatment of them for that conduct. *Id.* at 352 (quoting *Mitchell,* 964 F.2d at 583); *Smith v. Leggett Wire Co.,* 220 F.3d 752, 762 (6th Cir. 2000).

In situations involving reductions in force, the fourth element of the prima facie case is

modified because the plaintiff is not necessarily replaced. ***Barnes v. GenCorp, Inc.,*** 896 F.2d 1457, 1469 (6th Cir. 1990). In such a case, the plaintiff must present additional direct, circumstantial or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons. ***Id.*** An employer who reduces its work force for economic reasons is not required to transfer an employee whose position has been eliminated or to displace workers with less seniority. ***Id.; Simpson v. Midland-Ross Corp.,*** 823 F.2d 937, 942 n.6 (6th Cir. 1987). However, the employer violates the ADEA when it transfers other displaced employees but does not place the plaintiff in a new position because of age discrimination. ***Ercegovich,*** 154 F.3d at 351. An employee denied the opportunity to transfer establishes a prima facie case of discrimination when he produces evidence demonstrating that:

> 1) [he] is a member of a protected class; 2) at the time of [his] termination [he] was qualified for other available positions within the corporation; 3) the employer did not offer such positions to the plaintiff; and 4) a similarly-situated employee who is not a member of the protected class was offered the opportunity to transfer to an available position, or other direct, indirect, or circumstantial evidence supporting an inference of discrimination.

***Id.***

The employer is entitled to summary judgment if the plaintiff does not establish a prima facie case. ***Mitchell,*** 964 F.2d at 582-84. If the plaintiff establishes a prima facie case, the employer can overcome the prima facie case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. ***McDonnell Douglas,*** 411 U.S. at 802. If the employer carries its burden, the plaintiff must prove by a preponderance of the legal evidence that the reasons offered by the employer were not its true reasons, but were a pretext for discrimination. ***Texas Dept. of Community Affairs v. Burdine,*** 450 U.S. 248, 253 (1981). In age discrimination cases, plaintiff has the ultimate burden of proving that age was a determining factor in the adverse

employment decision. ***Chappell v. GTE Products Corp.,*** 803 F.2d 261, 265 (6th Cir. 1986).

Although the Court should refrain from probing an employer's business judgment, business judgment is not an absolute defense to unlawful discrimination. ***Wexler v. White's Furniture, Inc.***, 317 F.3d 564, 576 -577 (6th Cir. 2003)(citing ***E.E.O.C. v. Yenkin-Majestic Paint Corp.,*** 112 F.3d 831, 835 (6th Cir.1997)). The Court in ***Wexler*** addressed the extent to which a fact finder may consider the reasonableness of an employer's decision:

> [T]he reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation. ***Smith v. Chrysler Corp.,*** 155 F.3d 799, 807 (6th Cir.1998)) (holding that in evaluating a proffered nondiscriminatory basis for an employment action, courts should inquire into 'whether the employer made a *reasonably informed and considered decision* before taking an adverse employment action') (emphasis added); ***In re Lewis,*** 845 F.2d 624, 633 (6th Cir.1988) ('Sears does not have to establish that the basis on which it acted in firing Lewis was *sound;* rather, Lewis has the burden of demonstrating that Sears' stated reasons are pretextual. One way for Lewis to do this is to show that Sears' asserted business judgment was so ridden with error that defendant could not honestly have relied upon it.') (emphasis in original) (internal quotation marks omitted).

Upon a careful review of the record, the Court finds that there are genuine issues of fact which preclude granting summary judgment in favor of defendants on plaintiff's age discrimination claims. Plaintiff has come forward with sufficient evidence to establish a prima facie case of discrimination. The first three prongs are satisfied in that it is undisputed that plaintiff was a member of the protected class at the time of his discharge, he suffered an adverse employment action, and he was qualified for his position and for other positions which may have been available at Nine West. The fourth prong is satisfied because the circumstantial evidence set forth in the record supports an inference that defendant terminated plaintiff and failed to transfer him to another position based on his age.

Defendants have offered a legitimate, nondiscriminatory reason for plaintiff's termination and their failure to transfer him to another position, i.e., plaintiff had one of the two smallest territories of all RSDs, there were no equivalent positions available that did not require relocation, and relocation was not authorized because of a policy decision made three months before plaintiff's termination. Defendants contend that their decision was purely objective and that they did not consider the individual RSDs' abilities and past performance or any other individual criteria in deciding whose employment to terminate.

The Court finds that rather than establishing that their decision was not discriminatory, defendants' strict reliance on territory size, coupled with evidence regarding defendants' failure to consider transfer options for plaintiff and their transfer of substantially younger individuals, raises an issue as to whether defendants made a reasonably informed and considered decision to terminate plaintiff's employment and whether the reasons offered by defendant for plaintiff's termination are pretextual. Accordingly, summary judgment on plaintiff's age discrimination claims is not appropriate.

### C. Public policy claims

In *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), the Ohio Supreme Court recognized the tort of wrongful discharge in violation of public policy. The tort requires four elements: (1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element); (2) dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element); (3) the plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); and (4)

the employer lacked overriding legitimate business justification for the dismissal (the overriding justification element). ***Collins v. Rizkana***, 73 Ohio St.3d 65, 69-70, 652 N.E.2d 653, 657-58 (1995)(citing H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398-99). The clarity and jeopardy elements are questions of law to be determined by the court while the jury decides factual issues relating to causation and overriding justification.

In light of the Court's determination that there are unresolved issues of fact underlying plaintiff's age discrimination claims, summary judgment on plaintiff's public policy claim is not warranted. The Court cautions that plaintiff may not obtain a double recovery on his age discrimination claims under federal and state law and that he may be required to elect the law under which he desires to proceed.

### D. Promissory estoppel

Under the doctrine of promissory estoppel, "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." ***McCroskey v. Ohio,*** 8 Ohio St.2d 29, 30, 456 N.E.2d 1204, 1205 (1983)(citing ***Talley v. Teamsters, Chauffeurs, Warehousemen & Helpers, Local No. 377,*** 48 Ohio St.2d 142, 146, 357 N.E.2d 44 (1976)(adopting Restatement (Second) of Contracts § 90 (1973)). The elements of a promissory estoppel claim are: (1) a promise, clear and unambiguous in its terms; (2) reasonable and foreseeable reliance; and (3) injury resulting from the reliance. ***Cohen & Co. v. Messina,*** 24 Ohio App. 3d 22, 26, 492 N.E.2d 867, 872 (1985).

In his first amended complaint, plaintiff alleged the following facts in support of his

promissory estoppel claim:

> On October 30, 1999, Defendant by and through the then President of Defendant's Easy Spirit Division did, in response to Plaintiff's stated concerns about job security, represent and promise that the Company would permit Plaintiff to remain in Cincinnati in his capacity as Regional Sales Director until Plaintiff decided to retire. In reliance upon the aforesaid promise, Plaintiff abandoned plans to seek other employment and was retained at the job of Regional Sales Director. The termination of Plaintiff on August 7, 2001 without just cause was in breach of Defendants' representations contrary to the doctrine of promissory estoppel.

Plaintiff subsequently filed a second amended complaint in which he added the following sentence to ¶ 14:

> On or about July 30, 1998 Plaintiff and Defendant Nine West Group, Inc. did reach an agreement that Plaintiff would step down from his position as Vice President of Sales and accept the position of Regional Sales Director, with attendant reduction in salary, benefits, title, and that Plaintiff could continue to remain employed until retirement, said promise and offer of employment until he retired having been made on or about May 16, 1998 and Plaintiff having reasonably relied to his detriment upon the agreement and promise.

Defendants argue that the above allegations are contradictory, plaintiff did not receive a definite promise of continued employment, and the evidence of record contradicts plaintiff's claim that he received such a promise on which he justifiably relied.

The Court finds that plaintiff's allegations are not necessarily inconsistent and that there are genuine issues of material fact as to whether defendants made a clear and unambiguous offer of continued employment to plaintiff and whether he justifiably relied on any such promise. Defendants are therefore not entitled to summary judgment on plaintiff's promissory estoppel claim.

### VI. Conclusion

Plaintiff's claims for disability discrimination are **DISMISSED.** Defendants' motion for summary judgment on plaintiff's remaining claims is **DENIED.** The case will proceed to trial on the remaining claims in accordance with the schedule issued by the Court.

**IT IS SO ORDERED.**

                                                     _____s/Herman J. Weber_____
                                                       HERMAN J. WEBER
                                     SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\02-80agediscrmsj.wpd