UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HOWARD KERSTINE, | : | |
| | : | CIVIL ACTION NO. C-1-02-080 |
| Plaintiff, | : | |
| | : | JUDGE WEBER |
| v. | : | |
| | : | |
| NINE WEST GROUP INC. and | : | |
| JONES APPAREL GROUP, | : | December _____, 2003 |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' REQUEST
FOR JURY INSTRUCTIONS**

Pursuant to Section D of the Court's Order Instructing Certain Pretrial and Trial Procedures, the Defendants, Nine West Group Inc. and Jones Apparel Group, Inc. (sued herein as Jones Apparel Group) (hereinafter "Defendants"), respectfully request: (1) the jury in this matter be charged in the form attached, marked as Defendants' Requests to Charge Nos. 1 through _____, inclusively, as if each paragraph were a separate request and separate charge; and (2) the jury be presented the Special Verdict Form, as also attached.

Respectfully submitted,

DEFENDANTS
NINE WEST GROUP INC. and
JONES APPAREL GROUP, INC.


By: _____
    Gary L. Greenberg (0023180)
    DENLINGER, ROSENTHAL
        & GREENBERG
    2310 Firstar Tower
    425 Walnut Street
    Cincinnati, Ohio 45202
    (513) 621-3440 (Telephone)
    (513) 621-4449 (Facsimile)

    Trial Attorney for Defendants

OF COUNSEL:
Conrad S. Kee
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904-0251
(203) 961-0404 (Telephone)
(203) 324-4704 (Facsimile)

## **CERTIFICATION OF SERVICE**

This is to certify that on this date a copy of the foregoing was served, via facsimile and regular mail, postage prepaid, to counsel of record:  Paul H. Tobias, Tobias, Kraus & Torchia, 414 Walnut Street, Suite 911, Cincinnati, Ohio 45202.

_____

**DEFENDANTS' REQUEST TO CHARGE NO. 1:**

### <u>PRELIMINARY INSTRUCTIONS AFTER TRIAL - DUTIES OF JURORS</u>

<u>MEMBERS OF THE JURY</u>:

Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Court as to the law applicable in this case. My instructions will cover three areas: first, some instructions about the general rules that define and control your duties; second, the instructions that supply the law applicable to the claims and defenses in the case; and, third, some guidelines and rules for your deliberations. A copy of these instructions will be available for you in the jury room to consult if you find it necessary.

<u>DUTIES OF THE JURY</u>:

In defining the duties of the jury, let me first give you a few general rules:

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them to be from the evidence in the case.

The questions that you must decide will be submitted to you in the form of a special verdict consisting of specific questions for you to answer. You must answer these questions by applying the facts as you find them to be. I shall give you the rules that apply to these questions. You must apply them in arriving at your answers.

You are not to single out any one instruction alone as stating the law, but, instead, must consider the instructions as a whole. Nor are you to be concerned with the wisdom of any rule of law stated by me. You are obligated to follow the law.

Nothing I say in these instructions is to be taken as an indication that I have any opinion, one way or the other, about the facts of the case. It is not my function to determine the facts; it is yours.

You must perform your duties as jurors without bias or prejudice as to any party. You must follow the law as I give it to you, whether you agree with it or not. The law does not permit you to be governed by sympathy, prejudice, or public opinion. You are to treat all parties equally. Both parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Sources:     Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (4th Ed.) §71.01 (4th ed. 1987)

**DEFENDANTS' REQUEST TO CHARGE NO. 2:**

## PREPONDERANCE OF THE EVIDENCE

In this case, the burden of proving the case is on Plaintiff. He must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that each of Plaintiff's claims is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claims by a preponderance of the evidence, you should find for Nine West and Jones Apparel as to those claims. If you find that the evidence is equal, then Plaintiff has not proved his case by a preponderance of the evidence and you must find for Nine West and Jones Apparel.

Sources:    Mathes, Jury Instructions and Forms for Federal Rules, 28 F.R.D. 401
           §2.01(1961)

**DEFENDANTS' REQUEST TO CHARGE NO. 3:**

## ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation, like Nine West or Jones Apparel, is entitled to the same fair trial at your hands as a private individual, like Plaintiff. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice. You should not decide that Nine West or Jones Apparel engaged in any wrongdoing because it is a corporation, instead of an individual, like Plaintiff, or decide that monetary damages should be awarded because "companies can afford them" or because people believe that companies act in a certain way. Plaintiff must prove his case. Nine West, Jones Apparel and Plaintiff are all entitled to a fair trial.

Sources:      Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §71.04 (4th Ed. 1987)

**DEFENDANTS' REQUEST TO CHARGE NO. 4:**

## **DEFENDANTS' BUSINESS JUDGMENT IS NOT ON TRIAL**

Nine West's and Jones Apparel's business judgment is not on trial in this action. The law does not authorize courts or juries to judge the wisdom of a corporation's business decisions. Even if you believe Nine West or Jones Apparel exercised poor or questionable business judgment with respect to Plaintiff, or if you feel you would have made different decisions under similar circumstances, you cannot find in favor of Plaintiff.

Sources:    <u>Furnco Construction Corporation v. Waters</u>, 438 U.S. 567, 578 (1978)

**DEFENDANTS' REQUEST TO CHARGE NO. 5:**

## <u>SYMPATHY</u>

The Court cautions you to guard against appeals to your sympathy when assessing this case. The Court instructs you that any perceived lack of fairness toward Plaintiff does not constitute a violation of any law. You are instructed to make your decision as to the claimed liability of Nine West and Jones Apparel and the appropriate amount of damages, if any, based upon the evidence presented and not on the basis of any sympathy you may feel for Plaintiff. Your verdict must not be reached on the basis of sympathy for any party or on the basis of prejudice for or against either party. The parties come to court asking simply for a cool, impartial determination of the disputed issues based on the facts and the law. It is not part of your function as jurors to punish Nine West or Jones Apparel or to be generous to Plaintiff. This is what the parties are entitled to and this is how you should approach your decision in this case.

<u>Sources:</u>     ABA Section of Litigation Pattern Jury Instructions 1.12[1](2)

**DEFENDANTS' REQUEST TO CHARGE NO. 6:**

## <u>EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS</u>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, and demeanor or manner while on the stand. Ask yourself, what does this witness stand to gain or lose. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. Consider also the reasonableness of what the witness says and the consistency or inconsistency of his or her testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you think it deserves.  You may believe all of what a witness tells, some of what a witness tells you, or none of what a particular witness tells you.  In short, you should apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and veracity in your daily life.

Sources:      Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (4th Ed.)
              §73.01 (4th ed. 1987)

**DEFENDANTS' REQUEST TO CHARGE NO. 7:**

### <u>IMPEACHING WITNESSES</u>

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you think it deserves.

An act or omission is "knowingly" done, if voluntary and intentional, and not because of mistake or accident or other innocent reason.

<u>Sources:</u>    Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (4th Ed.) (Modified)

**DEFENDANTS' REQUEST TO CHARGE NO. 8:**

## ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

   The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things in the evidence in the case.

Sources:  Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (4th Ed.) §72.01 (4th ed. 1987)

**DEFENDANTS' REQUEST TO CHARGE NO. 9:**

## RULINGS ON OBJECTIONS TO EVIDENCE

You have heard objections to certain questions during the trial. There are rules of evidence governing testimony and other evidence. It is the duty of attorneys to object when the other side seeks to offer testimony or other evidence which they believe is not properly admissible. You should not hold it against a lawyer, or the party he or she represents, if the lawyer objects to evidence or moves to strike evidence, regardless of the Court's ruling.

When the Court has sustained an objection to a question, you, as jurors, must disregard the question. You cannot draw any inference from the wording of such a question or speculate what the witness would have said if permitted to answer. Asking a question to which an objection was sustained does not presume that the answer would favor the party asking the question. Sustaining an objection means that the question should not be asked or answered. No inference should arise about possible answers nor should you speculate as to what the answer might have been.

The Court does not, in allowing testimony or other evidence to be introduced over the objection of counsel, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. Just because evidence is admitted after an objection, you are not required to treat that evidence as true, but you should weigh and consider it in the same way as other evidence. You, as jurors, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

You should not infer from my rulings on evidence that I favor or disfavor any party or lawyer; the Court is neutral and is merely enforcing the rules of evidence so as to assure a fair trial.

Sources:    Mathes, Jury Instructions and Forms for Federal Rules, 28 F.R.D. 401 §9.04 (1961)

**DEFENDANTS' REQUEST TO CHARGE NO. 10:**

## <u>UNANIMOUS VERDICT</u>

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

<u>Sources:</u>    Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §74.08 (4th ed. 1987)

**DEFENDANTS' REQUEST TO CHARGE NO. 11:**

## <u>COURT HAS NO OPINION</u>

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find.  The verdict shall be your sole and exclusive duty and responsibility.

<u>Sources:</u>       Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §74.07 (4th ed. 1987)

**DEFENDANTS' REQUEST TO CHARGE NO. 12:**

## ISSUES IN GENERAL

Plaintiff was employed in Cincinnati, Ohio, by Nine West, as a Regional Sales Director in Nine West's Easy Spirit Division. Nine West is, a wholly owned subsidiary of Jones Apparel. In August 2001, Nine West restructured the Easy Spirit sales organization. This decision ultimately resulted in the elimination of 21 positions within the division, including 11 sales positions. Those affected included people over and under the age of 40. The restructuring included a decision that the division could effectively function with six, rather than eight, Regional Sales Directors and that the positions of the two Regional Sales Directors supervising the territories with the lowest sales volume should be eliminated. Plaintiff's territory had the lowest sales of the eight regions. Consequently, his position was eliminated and his employment was terminated on August 7, 2001.

Plaintiff filed this lawsuit asserting that he was terminated because of age discrimination and that his former supervisor had promised that it was his intention for Plaintiff to stay in Cincinnati as a Regional Sales Director until Plaintiff retired. Plaintiff asserts it was not reasonable for Defendants to base their decision to terminate his employment on the size of Plaintiff's sales territory or his volume of sales. Rather, Plaintiff contends his experience and length of service with Nine West warranted relocating him to another part of the country to displace someone else, or offering him a lower position in the Cincinnati area.

Defendants deny Plaintiff's allegations, claiming the decision to lay off Plaintiff in the reduction in force was based exclusively on the fact that his territory had the lowest sales volume . Defendants also deny Plaintiff was ever promised employment until he retired, arguing Rick Paterno had no authority to make any verbal promises regarding Plaintiff's employment. Under the Defendants' policies, no one is authorized to provide any employee with an

18

employment contract or special arrangement concerning terms and conditions of employment, unless the contract or arrangement is in writing and signed on behalf of the company by a corporate executive office. Plaintiff was aware of this policy and practice. Plaintiff had no written employment agreement.

Therefore, Defendants argue that Plaintiff has no viable claim because Defendants acted in good faith and for lawful, legitimate, nondiscriminatory reasons. Further, Defendants would have made the same decision regardless of Plaintiff's age. In addition, to the extent Plaintiff has suffered any loss, it is because he has failed to make reasonable efforts to find comparable employment. Defendants further argue that Defendant Jones Apparel Group, Inc. was never Plaintiff's employer and is not a properly named Defendant. Therefore, Defendants contend Plaintiff's claims against Jones Apparel should denied.

Sources:    Plaintiff's Complaint; Parties Joint Pretrial Order and Amended Joint Pretrial Order

**DEFENDANTS' REQUEST TO CHARGE NO. 13:**

## SINGLE EMPLOYER

      Defendants contend Jones Apparel should not be included as a Defendant in this case because it was not Plaintiff's employer. Plaintiff argues that Jones Apparel should be a Defendant because it is Nine West's parent company. Therefore, Plaintiff claims Nine West and Jones Apparel are a "single employer" for purposes of liability under the anti-discrimination laws.

      To show Defendants are a "single employer," Plaintiff has the burden of proving each of four elements by a preponderance of the evidence. Plaintiff must show Defendants have: (1) an interrelation of operations (i.e., common offices, common record keeping, shared equipment and finances); (2) common management; (3) centralized control of personnel and labor relations; and (4) common ownership and financial control. If Plaintiff fails to prove one element of this analysis, his "single employer" claim must be denied and you must find in favor of Defendants on this issue.

Sources:       <u>Swallows v. Barnes & Noble Book Stores, Inc.</u>, 128 F.3d 990, 993-94 (6th Cir. 1997); <u>Armbruster v. Quinn</u>, 711 F.2d 1332 (6th Cir. 1983)

**DEFENDANTS' REQUEST TO CHARGE NO. 14:**

## <u>DISCRIMINATION</u>

To prove unlawful discrimination under both the state and federal anti-discrimination statutes, Plaintiff must prove, by a preponderance of the evidence, that Defendants terminated him with the intention of discriminating against him because of his age.

There can be no finding of discrimination in favor of Plaintiff unless he proves, by a preponderance of the evidence, that the Defendants stated reasons for terminating him were not the true reasons, but were a pretext, or false reasons given to disguise intentional discrimination.

Sources:     <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502 (1993); <u>U.S. Postal Service v. Aikens</u>, 460 U.S. 711 (1983); <u>Trans World Airlines, Inc. v. Thurston</u>, 469 U.S. 111, 121 (1985)("interpretation[s] of Title VII . . . applies with equal force in the context of age discrimination" because the "substantive provisions of the ADEA were derived in haec verba from Title VII.'"); <u>Allen v. Ethicon, Inc.</u>, 919 F.Supp. 1093 (S.D. Ohio 1996)

**DEFENDANTS' REQUEST TO CHARGE NO. 15:**

## <u>SHIFTING BURDEN ANALYSIS</u>

There are three (3) steps that you must complete to render a decision on liability in this case for each of Plaintiff's claims, whether under federal or state law.  At all times, you are instructed that the ultimate burden of proving discrimination always rests with Plaintiff.  The same rule applies with respect to Plaintiff's claims of discrimination under both the Ohio and federal statutes.

<u>Sources:</u>    <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 512 (1993); <u>McDonnell Douglas Corp.  v. Green</u>, 411 U.S. 792, 802 (1973); <u>Allen v. Ethicon, Inc.</u>, 919 F.Supp. 1093 (S.D. Ohio 1996)

**DEFENDANTS' REQUEST TO CHARGE NO. 16:**

<u>**PLAINTIFF'S *PRIMA FACIE* AGE DISCRIMINATION BURDEN**</u>

Plaintiff must first present evidence to support his *prima facie* case of age discrimination under the Age Discrimination in Employment Act and the Ohio Revised Code. To establish his *prima facie* age discrimination case, Plaintiff must show by a preponderance of the evidence that age was a determinative factor in his discharge, <u>i.e.</u>, the Plaintiff's age made a difference. In other words, the Plaintiff must prove that "but for" his age, his employment would not have been terminated. To prove this, Plaintiff must first establish each of the following elements by a preponderance of the evidence: (1) he was over forty years old; (2) he suffered an adverse employment action; (3) he was qualified for the position lost or not gained; and (4) he was replaced by someone substantially younger, even if that younger individual was over forty years of age, or he was treated less favorably than a similarly situated employee outside his protected class. In the case of a reduction in force, as happened here, this fourth element is modified because the Plaintiff was not necessarily replaced. Instead, Plaintiff must show Defendants singled him out for discharge because of his age.

Plaintiff must establish all four of these elements by a preponderance of the evidence in order to establish the first step of his case of age discrimination. If Plaintiff fails to prove any of these elements by a preponderance of the evidence, you must decide in favor of Defendants on Plaintiff's claims of age discrimination. If the Plaintiff does prove these facts, then you must consider the Defendants' reasons for its actions and decide whether they are the true reasons for its actions or a pretext for age discrimination.

You are reminded that not every termination involving an older employee is unlawful. An employer can terminate any employee, young or old alike, for any reason or for no reason at all. The only exception is that age cannot be a determining factor in the decision.

Sources:    Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, §106.02 (supp. 1993); <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 512 (1993); <u>Barnes v. GenCorp., Inc.</u>, 896 F.2d 1457 (6th Cir. 1990); <u>Allen v. Ethicon, Inc.</u>, 919 F.Supp. 1093 (S.D. Ohio 1996)

**DEFENDANTS' REQUEST TO CHARGE NO. 17:**

## **LEGITIMATE REASONS**

If you find that Plaintiff has proven the four elements of a <u>prima facie</u> case by a preponderance of the evidence, you must next consider whether Defendants have articulated a legitimate, nondiscriminatory reason for their actions.  Defendants are only required to articulate a nondiscriminatory reason for their decisions.  They are not required to prove the reason or reasons for their decision by a preponderance of the evidence.

In addition, it is not necessary to show Defendants' nondiscriminatory reasons were correct.  An employer has the right to make business decisions for a good reason, a bad reason, or no reason at all.  All the law prevents is intentional discrimination. The fact that you may disagree with Defendants' nondiscriminatory reasons for terminating Plaintiff's employment during the reduction in force is not sufficient reason to disregard or discredit their nondiscriminatory reasons.  If you find Defendants' decision made for nondiscriminatory reasons, you should not find the decision is unlawful just because you may disagree with their stated reasons or because you believe the decisions were harsh or unreasonable.  As I instructed you earlier, Defendants' business judgment is not on trial.

The same rule applies to Plaintiff's claims under both the Ohio Revised Code and the ADEA.

Sources:    <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993); <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989); <u>Furnco Construction Corporation v. Waters</u>, 438 U.S. 567, 578 (1978); Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §173.66 (5th ed. 2000) ; <u>Allen v. Ethicon, Inc.</u>, 919 F.Supp. 1093 (S.D. Ohio 1996)

**DEFENDANTS' REQUEST TO CHARGE NO. 18:**

## NO SECOND GUESSING BUSINESS JUDGMENTS

The employment discrimination laws are concerned only with unlawful discrimination. The discrimination laws may not be used for second guessing the business judgments and decisions of employers. Neither Ohio or federal law requires employers to make perfect decisions, nor does it forbid them from making decisions that others may disagree with. The state and federal discrimination laws require only that employers not discharge an employee for discriminatory reasons. In other words, if you find that Plaintiff's discharge was not intentional age discrimination, you must return a verdict for Defendants, even if you disagree with their decision to discharge Plaintiff.

Sources:    Hartsel v. Keys, 87 F.3d 795, 801 (6th Cir. 1996); Cameron v. Board of Educ. of the Hillsboro City School Dist., 820 F. Supp. 336 (S.D. Ohio 1993); Askin v. Firestone Tire & Rubber Co., 600 F. Supp. 751, 757 (E.D. Ky. 1985); Plumbers and Steamfitters Committee v. Ohio Civil Rights Commission (1981), 66 Ohio St.2d 192, 421 N.E. 2d 128 ("Whether or not the employer has good cause to terminate an employee is not an issue in an employment discrimination case. Even if the employee is discharged unnecessarily or in error, the employer is not guilty of racial [or age] discrimination unless Plaintiff proves that he was treated different on account of his race [or age] than other employees with the same work history, committing the same type infraction")

**DEFENDANTS' REQUEST TO CHARGE NO. 19:**

<u>**PRETEXT**</u>

If you conclude Defendants have stated nondiscriminatory reasons for Plaintiff's termination, you should move on to the third step. The state and federal law require you next to consider whether Plaintiff has proven Defendants' nondiscriminatory reasons were false, and Defendants actually terminated Plaintiff because of his age. If Plaintiff cannot establish any of his initial burdens, or if Plaintiff cannot prove Defendants' legitimate, nondiscriminatory reasons for his termination were pretexts for age discrimination, you must find for Defendants.

In this case, Defendants have offered evidence of legitimate, non-discriminatory reasons for the termination of Plaintiff's employment. Specifically, they explained Plaintiff's job was eliminated as the result of a company-wide reduction in force, which also resulted in the termination of over twenty other employees. Defendants have also offered evidence the decision to let Plaintiff go was based strictly on sales figures and territory size and Plaintiff ranked lowest among all the Regional Sales Directors in both categories.

If you find Defendants' explanations for their actions regarding Plaintiff were false, and you find that Plaintiff satisfied his initial burden of proof by a preponderance of the evidence, you may, but need not, conclude Defendants discriminated against Plaintiff based upon his age. At all times, the burden of proof is on Plaintiff to show his age was the reason for Defendants' decision making process and that it had a determinative effect on the outcome of the process.

<u>Sources:</u>    <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 512 (1993); <u>In re Lewis</u>, 845 F.2d 624 (6th Cir. 1988) ; <u>Allen v. Ethicon, Inc.</u>, 919 F.Supp. 1093 (S.D. Ohio 1996)

**DEFENDANTS' REQUEST TO CHARGE NO. 20:**

<u>**MORE PRETEXT**</u>

To find Defendants' reasons were pretextual, or not the real reasons, it is not enough for Plaintiff to show Defendants' termination of his employment was wrong or mistaken. Instead, Plaintiff must show that each of Defendants' offered non-discriminatory reasons were either an "after-the-fact" fabrication or otherwise did not actually cause the terminations.

You cannot find Defendants' stated reasons were false or a pretext for discrimination merely because those reasons seem poor or erroneous to you; or because the reasons were not ones that you would act on or approve of; or that Defendants had other options they could have pursued; or because you believe Defendants' decision was arbitrary, unfair, unjust or too harsh.

<u>Sources:</u>    <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 512 (1993)

**DEFENDANTS' REQUEST TO CHARGE NO. 21:**

<u>**PUBLIC POLICY CLAIMS - PRECLUDED**</u>

The law dictates that if Plaintiff brought an action against his former employer under the federal and state statutes against age discrimination he may not also assert common-law tort claim against Defendants for wrongful discharge in violation of the public policy expressed in those statutes because the employee has a statutory remedy that adequately protected society's interests, and therefore the public policy expressed by those statutes. Under this rule if Plaintiff's public policy claim is based only on the state and federal age discrimination statutes, the Plaintiff may only pursue his claims under those statutes and cannot recover for wrongful discharge.

<u>Sources:</u>     <u>Wiles v. Medina Auto Parts</u>, 96 Ohio St.3d 240, 773 N.E.2d 526 (Ohio 2002); <u>Barlowe v. AAAA International Driving School</u>, 2003 WL 22429543 (Ohio App. 2 Dist. 2003); <u>Berge v. Columbus Community Cable Access</u>, 736 N.E.2d 517 (Ohio App. 10 Dist. 1999)

**DEFENDANTS' REQUEST TO CHARGE NO. 22:**

**<u>PUBLIC POLICY CLAIMS - VIABILITY</u>**

If Plaintiff may proceed with his public policy claim, to succeed on a wrongful discharge theory based on public policy, Plaintiff must prove he is entitled to relief in order to vindicate an articulated public policy of the state.  If Plaintiff does not meet the burdens of proof concerning the alleged statutory violations, in other words if he cannot show that he was discriminated against on the basis of age under the state and federal statutes, you must find in favor of Defendants.

<u>Sources:</u>        <u>Godfredson v. Hess & Clark, Inc.</u>, 173 F.3d 365, 378 (6th Cir. 1999)

**DEFENDANTS' REQUEST TO CHARGE NO. 23:**

## PUBLIC POLICY - ELEMENTS

In Ohio, the tort of wrongful discharge in violation of public policy requires Plaintiff to prove by a preponderance of the evidence: (1) that a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law; (2) that dismissing employees under circumstances like those involved in the Plaintiff's dismissal would jeopardize the public policy; (3) that Plaintiff's dismissal was motivated by conduct related to the public policy; and (4) Defendant lacked an overriding legitimate business justification for the dismissal.

Each of these elements must be satisfied. If Plaintiff fails to prove even one, you must find in favor of Defendants.

Sources:    Godfredson v. Hess & Clark, Inc., 173 F.3d 365, 378 (6th Cir. 1999); Greeley v. Miami Valley Maintenance Contractors, Inc., 551 N.E.2d 981, 49 Ohio St.3d 228 (1990)

**DEFENDANTS' REQUEST TO CHARGE NO. 24:**

## **PROMISSORY ESTOPPEL**

Under the doctrine of promissory estoppel, an at will employment relationship may be modified if all three of the following conditions are met: (A) the employer must make a promise that the employer should reasonably expect to induce action or forbearance on the part of the employee; (B) the promise must have actually induced action or forbearance that was detrimental to the employee; and (C) enforcement of the promise must be necessary to avoid an injustice.

Sources:    Snyder v. Ag Trucking, Inc., 57 F.3d 484, 487, 489 (6th Cir. 1995)

**DEFENDANTS' REQUEST TO CHARGE NO. 25:**

## <u>PROMISSORY ESTOPPEL - ELEMENTS</u>

In order to establish a claim for promissory estoppel, Plaintiff must prove by a preponderance of the legal evidence all of the following elements:

1.      that Defendant made a clear and unambiguous promise to the Plaintiff of employment for a definite term or discharge for cause only;

2.      that Defendant should reasonably have expected the Plaintiff to rely on this promise;

3.      that the Plaintiff did rely on this promise to his detriment, i.e., the promise caused the Plaintiff to do something that he otherwise would have done, which was to his detriment.

4.      that it was reasonable for the Plaintiff to act or not to act in this way in reliance on the promise;

5.      that Defendant broke the promise; and

6.      that the Plaintiff suffered an injustice as a result of Defendant's failure to fulfill their promise and that injustice can only be avoided by enforcement of the promise.

<u>Sources:</u>      This instruction was given to the jury in <u>Skalka, et al. v. Fernald Environmental Restoration Management Corporation et al.</u>, 178 F.3d 414 (6ht Cir. 1999)    See also <u>Cohen & Co. v. Messina</u>, 24 Ohio App. 3d 22, 26 (1985); <u>Godfredson v. Hess & Clark</u>, <u>Inc.</u>, 173 F.3d 365, 376 (6th Cir. 1999)

**DEFENDANTS' REQUEST TO CHARGE NO. 26:**

**PROMISSORY ESTOPPEL -
SPECIFIC PROMISE OF CONTINUED EMPLOYMENT**

Under the law of Ohio, there is a strong presumption favoring employment at will. Unless there is an agreement to the contrary, employment relationships lacking a fixed duration are deemed "at will" and either party may terminate the employment relationship for any with or without cause.  A promise of future benefits or opportunities or general statement of praise for job performance, such as statement by supervisor that employee "would never have to worry about his job," that "employee would be the first to work for the company for fifty years," or statements assuring employee of a "secure future" or "secure career," does not support a promissory estoppel exception to the well-established doctrine of employment at will.  Similarly, as a matter of law, a statement that an employee "could expect to be at the company until retirement if he performed his job well" and discussion of retirement benefits is not sufficiently specific to induce reliance.  An employee's subjective understanding of such a statement to create a promise for continued employment is insufficient to establish the promissory estoppel exception.

If Plaintiff fails to prove a specific, discrete promise relating to job security which Defendant should reasonably have expected to induce reliance then there is no need even to consider the other elements of promissory estoppel.

Sources:    Skalka v. Fernald Environmental Restoration Mgmt. Corp., 178 F.3d 414, 424 (6th Cir. 1999); Snyder v. Ag Trucking, Inc., 57 F.3d 484, 487, 489 (6th Cir. 1995); Fisher v, Trinova Corp., 1998 U.S. App. LEXIS 26249, *31-33 (Oct. 13, 1998); Weiper v. W.A. Hill & Assoc., 104 Ohio App. 3d 250, 257, 260-61, 661 N.E.2d 796 (1995); McCroskey v. Ohio, 8 Ohio St. 3d 29, 32, 456 N.E.2d 1204 (1983)

**DEFENDANTS' REQUEST TO CHARGE NO. 27:**

**PROMISSORY ESTOPPEL -**
**ACTUAL AND REASONABLE DETRIMENTAL RELIANCE**

Even if Plaintiff proves all of the other elements of promissory estoppel, he must also prove that the specific promise of continued employment actually induced him to action or forbearance that was detrimental to him.  To fulfill this element, Plaintiff must prove that he discontinued an active job search or declined an offer of a better job based upon Defendant's the specific promise of continued employment.  Merely declining to look for alternative employment or being "lulled into inaction" does not rise to the level of detrimental reliance and does not satisfy the remaining element of a claim under the doctrine pf promissory estoppel.

Further, Plaintiff must show that such reliance was reasonable.  Where the facts and circumstances show that the employer's policy, such as employee handbook or application disclaimers, is to offer employees at will employment and to limit the creation of a non-at will employment relationship to specific situations, such as only modifying at will status in a written agreement, and Plaintiff was aware of such policy, made no effort to obtain and did not have such a written agreement, then as a matter of law it is not reasonable to rely on a statement that appears to alter the at will relationship.

Sources:      Kirkland v. St. Elizabeth Hosp., 120 F.Supp.2d 660, 671 (N.D. Ohio 2000), *aff'd* 2002 U.S. App. LEXIS 6201 (Mar. 29, 2002); Snyder v. Ag Trucking, Inc., 57 F.3d 484, 488 (6th Cir. 1995); Smiddy v. Kinko's, Inc., 2003 Ohio App. LEXIS 460,*P25 (Jan. 31, 2003)

**REQUEST TO CHARGE NO. 28:**

## ACTUAL DAMAGE CALCULATIONS

Since Plaintiff is claiming money damages in this case, I must discuss the law of damages with you.  However, you must not take this discussion to mean that Plaintiff is entitled to any money damages simply because I instruct you on the law of damages.

It is Plaintiff's burden to prove, by a preponderance of the evidence, each element and item of damage relating to monies he claims he would have received had he remained employed at Nine West and Jones Apparel.  It is not Nine West and Jones Apparel's burden to disprove them.

Sources:      Skalka v. Fernald Environmental Restoration Mgmt. Co., 178 F.3d 414 (6th Cir. 1999); Wheeler v. McKinley Enterprises, 937 F.2d 1158 (6th Cir. 1991); Lorillard v. Pons., 434 U.S. 575, 98 S. Ct. 866 (1978); DEVITT, BLACKMAR & WOLF, FEDERAL JURY PRACTICE AND INSTRUCTIONS, § 104.06 (4th Ed. 1987)

**REQUEST TO CHARGE NO. 29:**

## <u>DAMAGES - CAUSATION</u>

You may award damages only for those injuries which you find Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by Nine West and Jones Apparel in violation of federal and/or state law. You must distinguish between, on the one hand, the existence of a violation of Plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that Nine West and Jones Apparel discriminated against Plaintiff, you must ask whether Plaintiff has proven by a preponderance of the evidence that the discrimination caused damages that he claims to have suffered.

If you find Plaintiff was discriminated against, but his losses were the result of legitimate employment actions or that he would have suffered the same loss regardless of the discrimination, you can award him no damages.

If you find that damages suffered by Plaintiff were partly the result of conduct by Nine West and Jones Apparel that was legal and partly the result of conduct by them that was illegal, you must apportion damages between the legal and illegal conduct -- that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

<u>Sources:</u>    <u>Wiles v. Medina Auto Parts</u>, 96 Ohio St.3d 240, 773 N.E.2d 526 (Ohio 2002)

**REQUEST TO CHARGE NO. 30:**

## <u>SPECULATIVE DAMAGES</u>

In awarding damages, you may not speculate on damages. Only actual damages are recoverable under the law. The amount of your verdict must be based upon the evidence presented. You are not to award to Plaintiff speculative damages. In other words, you may not award Plaintiff compensation for damages that, although possible, are remote, conjectural or speculative.

Sources:     <u>Skalka v. Fernald Environmental Restoration Mgmt. Co.</u>, 178 F.3d 414 (6th Cir. 1999); <u>Roush v. KFC Nat'l Mgmt. Co.</u>, 10 F.3d 392 (6th Cir. 1993); <u>Wilkins v. Eaton Corp.</u>, 790 F.2d 515 (6th Cir. 1986); <u>Worrell v. Multipress, Inc.</u>, 543 N.E.2d 1277 (Ohio 1989)

**REQUEST TO CHARGE NO. 31:**

## <u>ACTUAL OR BACK PAY DAMAGES</u>

If you determine Nine West and Jones Apparel discriminated against Plaintiff in violation of the ADEA or Ohio law by terminating his employment, then you may award Plaintiff what is called "back pay."  Back pay awards are calculated by calculating the difference between any lost wages and benefits, taking into consideration any increases in salary and benefits that Plaintiff would have received from Nine West and Jones Apparel had his employment not been terminated, less any income earned from other sources, for the period from the date of Plaintiff's termination until the date of your verdict or Plaintiff's re-employment in comparable employment, whichever is earlier.

An award of back pay must be limited to actual proven losses.  It may not be based on conjecture.  Plaintiff  must prove these injuries by a preponderance of the evidence, and the damages that you award must be fair compensation, no more and no less.

Sources:    <u>Lorillard v. Pons.</u>, 434 U.S. 575, 98 S. Ct. 866 (1978); <u>Skalka v. Fernald Environmental Restoration Mgmt. Co.</u>, 178 F.3d 414 (6th Cir. 1999); <u>Wheeler v. McKinley Enterprises</u>, 937 F.2d 1158 (6th Cir. 1991); O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 170.61 (5th Ed. 2001)

**REQUEST TO CHARGE NO. 32:**

## LIQUIDATED DAMAGES UNDER THE ADEA

To receive liquidated damages, Plaintiff must prove by a preponderance of the evidence that Defendants acted willfully in discharging him. If you determine that Nine West and Jones Apparel acted willfully, you may award Plaintiff liquidated damages in an amount equal to any back pay amount awarded. If Plaintiff does not establish by a preponderance of the evidence that Defendants acted willfully, then you must find for Defendants on the issue of liquidated damages.

An employer acts willfully if it either knew or showed reckless disregard for the matter of whether Plaintiff's discharge was prohibited by the ADEA. If you find that Nine West and Jones Apparel's acted in good faith and had reasonable grounds for believing that the Plaintiff's discharge did not violate the ADEA, then you must find that Defendants' conduct was not willful and that Plaintiff is not entitled to an award of liquidated damages.

Sources:    Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S. Ct. 1701 (1993); Lorillard v. Pons., 434 U.S. 575, 98 S. Ct. 866 (1978); Skalka v. Fernald Environmental Restoration Mgmt. Co., 178 F.3d 414 (6th Cir. 1999); Armsey v. Nestle Co., Inc., 631 F.Supp. 717 (S.D. Ohio 1985); O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.61 (5th Ed. 2001)

**REQUEST TO CHARGE NO. 33:**

## **FRONT PAY DAMAGES**

If you determine Defendants discriminated against Plaintiff by terminating his employment, then you may award Plaintiff what is called "front pay." Front pay represents future damages in a monetary amount equal to the present value of the wages and benefits Plaintiff would have earned had his employment Nine West and Jones Apparel not been terminated, from the date of your verdict until Plaintiff would have retired or until Plaintiff becomes comparably re-employed, whichever is earlier. In determining the amount of front pay, you must consider whether Plaintiff used reasonable diligence in searching for alternative employment, the availability of employment opportunities to Plaintiff, the length of time it might take to become re-employed, Plaintiff's work and life expectancy, and the present value of Plaintiff's future earnings. The total amount of front pay may be reduced or completely denied if you determine Plaintiff did not use reasonable diligence in searching for alternative employment or if he voluntarily resigned from subsequent employment.

Sources:    Lewis v. Quaker Chemical Corp., 200 U.S. App. LEXIS 22321 (6th Cir. 2000); Skalka v. Fernald Environmental Restoration Mgmt. Co., 178 F.3d 414 (6th Cir. 1999); Suggs v. Servicemaster Food Mgmt., 72 F.3d 1228 (6th Cir. 1996); Roush v. KFC Nat'l Mgmt Co. 10 F.3d 392 (6th Cir. 1993)

**REQUEST TO CHARGE NO. 34:**

## COMPENSATORY DAMAGES UNDER OHIO REVISED CODE 4112

Plaintiff is seeking damages for lost earnings, severe emotional distress and damage to his reputation he claims to have suffered as a result of the alleged discrimination. He must prove that Nine West and Jones Apparel's actions caused this pain and suffering. The burden of proving the amount of those damages, if any, is on Plaintiff. The measure of damages for such injuries is what a reasonable person would consider to be adequate and just to compensate a Plaintiff under all circumstances at issue.

Plaintiff must present direct, objective evidence of some magnitude of actual mental or emotional injury. Relevant factors in determining the magnitude of the alleged emotional injury include: whether Plaintiff curtailed his life activities after his employment with Nine West was terminated; whether he promptly sought professional psychological help after the termination; whether his symptoms are "garden variety" symptoms that would ordinarily be expected of a person in his situation; and whether there is any physical manifestation of psychological injuries. Damages for physical and mental suffering may not be presumed -- such damages must be proven.

I remind you that you may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendants' proven wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has proven he actually suffered.

If you decide to award compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that

difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. You must not award any damages by way of punishment or through sympathy.

Sources:    Cotter v. Christus Gardens, Inc., 238 F.3d 420 (6th Cir. 2000); Skalka v. Fernald Environmental Restoration Mgmt. Co., 178 F.3d 414 (6th Cir. 1999); Berge v. Columbus Community Cable Access, 736 N.E.2d 517 (Ohio App. 10 Dist. 1999); O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.60 (5th Ed. 2001)

**REQUEST TO CHARGE NO. 35:**

## COMPENSATORY DAMAGES - CAUSATION

I have said that you may award damages only for those injuries which you find Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by Nine West and Jones Apparel in violation of Ohio's antidiscrimination laws. You must distinguish between, on the one hand, the existence of a violation of Plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that Plaintiff was discriminated against, you must ask whether he has proven by a preponderance of the evidence that the discrimination caused the damages that he claims to have suffered.

If you find that the damages suffered by Plaintiff were partly the result of conduct by Nine West and Jones Apparel that was legal and partly the result of conduct that was illegal, you must apportion the damages between the legal and illegal conduct -- that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

Also, if you find that Plaintiff experienced pain, suffering and mental anguish as a result of conduct or actions that were not related to his employment at Nine West and Jones Apparel, you must exclude such pain and suffering from any damage award in this case.

Sources:    Wiles v. Medina Auto Parts, 96 Ohio St.3d 240, 773 N.E.2d 526 (Ohio 2002)

**REQUEST TO CHARGE NO. 36:**

## <u>WRONGFUL DISCHARGE – DAMAGES</u>

If you determine that Plaintiff was wrongfully discharged in violation of public policy, it will be your duty to determine what sum should be allowed to him as damages. The measure of damages to be determined by you the jury includes the amount of wages which would have been paid to Plaintiff during the time of his employment has his employment not been terminated, less any income paid to or earned by Plaintiff subsequent to his termination.

However, Plaintiff cannot recover more than once for the same loss, even if he prevails on two or more of his claims. I have provided you with a verdict form and I will go through it with you to make sure you understand where there is a potential for Plaintiff to recover more than once for the same loss.

Sources:    Cotter v. Christus Gardens, Inc., 238 F.3d 420 (6th Cir. 2000); Skalka v. Fernald Environmental Restoration Mgmt. Co., 178 F.3d 414 (6th Cir. 1999); Hudson v. Insteel Industries, Inc., 5 Fed. Appx. 378 (6th Cir. 2001); Bailey v. Container Corp. of America, 660 F.Supp. 1048 (S.D. Ohio 1986); General Tel. Co. v. EEOC, 446 U.S. 318, 100 S.Ct. 1698 (1980); O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.60 (5th Ed. 2001)

**REQUEST TO CHARGE NO. 37:**

## <u>PROMISSORY ESTOPPEL – DAMAGES</u>

If you determine that Plaintiff's reliance on Nine West and Jones Apparel's alleged promise was reasonable and foreseeable, you must determine the amount of economic loss that he suffered as a result of his reliance. You may award damages for economic loss that Plaintiff suffered by relying on Nine West and Jones Apparel's promise. You may not, however, award any damages for lost earnings that Plaintiff expected to earn had he ultimately remained employed by Nine West and Jones Apparel. Damages for promissory estoppel are strictly limited to economic loss suffered before learning that the promise would not be kept. No damages for future losses may be awarded.

Sources:    <u>Worrell v. Multipress, Inc.</u>, 543 N.E.2d 1277 (Ohio 1989); American Bar
Association Model Jury Instructions, Employment Litigation, (1994), §3.04[3][e]

**REQUEST TO CHARGE NO. 38:**

## <u>CLEAR AND CONVINCING EVIDENCE</u>

I've told you that the Plaintiff must prove his claims by a preponderance of the evidence. However, Plaintiff's request for punitive damages is subject to an even more stringent burden of proof. In order for you to determine whether Plaintiff may be entitled to punitive damages, Plaintiff must prove by clear and convincing evidence that Nine West and Jones Apparel acted with actual malice. "Actual malice" is defined as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

Clear and convincing evidence means you must be persuaded by the evidence that it is highly probable that the claim is true. The clear and convincing evidence standard is a heavier burden than the preponderance of the evidence standard.

The clear and convincing standard of proof requires that the result shall not be reached by a mere balancing of doubts or probabilities, but rather by clear evidence which causes you to be convinced that the allegations Plaintiff seeks to prove are true.

In deciding whether any fact has been proven by clear and convincing evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish Defendants acted with actual malice by clear and convincing evidence, you may not award punitive damages.

Sources:    <u>Rice v. Certainteed Corp.,</u> 84 Ohio St.3d 47, 704 N.E.2d 1217 (1999); <u>Toole v. Cook</u>, 1999 WL 280804 (Ohio App. 10 Dist. 1999); <u>Berge v. Columbus Community Cable Access</u>, 736 N.E.2d 517 (Ohio App. 10 Dist. 1999); <u>Preston v. Murty,</u> 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987); Mathes, Jury Instructions and Forms for Federal Rules, 28 F.R.D. 401 §5.02 (1961)

**REQUEST TO CHARGE NO. 39:**

## PUNITIVE DAMAGES UNDER OHIO REVISED CODE 4112

If Plaintiff proves by clear and convincing evidence that Defendants acted with "actual malice" in terminating Plaintiff's employment, you may award Plaintiff what is called punitive damages. "Actual malice" is defined as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. If the proof fails to establish Defendants acted with actual malice by clear and convincing evidence, you may not award punitive damages.

Sources:     Rice v. Certainteed Corp., 84 Ohio St.3d 47, 704 N.E.2d 1217 (1999); Berge v. Columbus Community Cable Access, 736 N.E.2d 517 (Ohio App. 10 Dist. 1999); Toole v. Cook, 1999 WL 280804 (Ohio App. 10 Dist. 1999); Preston v. Murty, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987); American Bar Association Model Jury Instructions, Employment Litigation, (1994), §3.04[3][e]

**REQUEST TO CHARGE NO. 40:**

## MITIGATION OF DAMAGES

Any person who claims damages as a result of an allegedly wrongful act on the part of another has a legal duty to mitigate those damages. Plaintiff must be denied that portion of his financial loss, if any, which he could have avoided by his reasonable efforts to mitigate. Fair compensation to an injured person does not include injuries that, in a practical sense, were self-inflicted due to the person's failure to take actions which could have prevented some or all of the claimed injuries. Plaintiff must, therefore, have used reasonable care and diligence to minimize the amount and extent of his damages. Plaintiff is not entitled to recover damages for any losses that resulted from his failure to mitigate his damages.

With respect to his claim for lost wages, Plaintiff had a duty to pursue and accept comparable substitute employment. If Plaintiff could have obtained comparable employment with the exercise of reasonable diligence, he had a duty to locate and accept such employment. Plaintiff's claim for back wages is properly reduced by the amount he could have earned had he used reasonable diligence in obtaining substitute employment.

Mitigation of damages is a defense that is raised by Nine West and Jones Apparel. The burden of proving that Plaintiff unreasonably failed to mitigate his damages rests with Nine West and Jones Apparel, who must carry their burden of proof by a preponderance of the evidence. If you find that Nine West and Jones Apparel met their burden of proving that Plaintiff failed to alleviate or avoid damages, then Plaintiff's failure to mitigate damages results in a proportionate reduction in his damages.

If Plaintiff has not introduced any evidence regarding any effort to mitigate his damages, for instance, if he failed to seek employment following his dismissal, Nine West and

Jones Apparel do not have to prove that Plaintiff failed to mitigate his damages.  Rather, in the

absence of any efforts to mitigate, Plaintiff is not entitled to any recovery.


Sources:        Lewis v. Quaker Chemical Corp., 200 U.S. App. LEXIS 22321 (6th Cir. 2000);
                Suggs v. Servicemaster Food Mgmt., 72 F.3d 1228 (6th Cir. 1996); Roush v. KFC
                Nat'l Mgmt Co. 10 F.3d 392 (6th Cir. 1993)

**REQUEST TO CHARGE NO. 41:**

## <u>DAMAGES – PLAINTIFF CANNOT RECOVER MORE<br>THAN ONCE FOR THE SAME LOSS</u>

Plaintiff cannot recover more than once for the same loss, even if he prevails on two or more of his claims.  I have provided you with a verdict form and I will go through it with you to make sure you understand where there is a potential for Plaintiff to recover more than once for the same loss.


Sources:        <u>Hudson v. Insteel Industries, Inc.</u>, 5 Fed. Appx. 378 (6th Cir. 2001);
<u>Bailey v. Container Corp. of America</u>, 660 F.Supp. 1048 (S.D. Ohio
1986); <u>General Tel. Co. v. EEOC</u>, 446 U.S. 318, 100 S.Ct. 1698 (1980)

Respectfully submitted,

DEFENDANTS
NINE WEST GROUP INC. and
JONES APPAREL GROUP, INC.


By:   s/ Gary L. Greenberg
Gary L. Greenberg (0023180)
DENLINGER, ROSENTHAL
& GREENBERG CO., L.P.A.
2310 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202
(513) 621-3440 (Telephone)
(513) 621-4449 (Facsimile)

Trial Attorney for Defendants

OF COUNSEL:
Conrad S. Kee
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904-0251
(203) 961-0404 (Telephone)
(203) 324-4704 (Facsimile)