UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| HOWARD KERSTINE, : | |
| : | CIVIL ACTION NO. C-1-02-080 |
| Plaintiff, : | |
| : | JUDGE WEBER |
| v. : | |
| : | |
| NINE WEST GROUP INC. and : | |
| JONES APPAREL GROUP, : | December _____, 2003 |
| : | |
| Defendants. : | |

## DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

**A.  Single Employer Status**

1. Did Plaintiff prove by a preponderance of the evidence that Nine West and Jones Apparel have an interrelation of operations (i.e., common offices, common record keeping, shared equipment and finances)?

    Yes _____          No _____

    **If your answer to Question A(1) is "yes," please proceed to Question A(2).**

    **If you answer to Question A(1) is "no," you must find in favor of Defendants on the employer issue and relieve Jones Apparel of liability in this matter. Therefore, please proceed to Section B for the purposes of determining Nine West's liability only.**

2. Did Plaintiff prove by a preponderance of the evidence that Nine West and Jones Apparel have common management?

    Yes _____          No _____

    **If your answer to Question A(2) is "yes," please proceed to Question A(3).**

    **If you answer to Question A(2) is "no," you must find in favor of Defendants on the employer issue and relieve Jones Apparel of liability in this matter. Therefore, please proceed to Section B for the purposes of determining Nine West's liability only.**

3. Did Plaintiff prove by a preponderance of the evidence that Nine West and Jones Apparel have common management?

Yes _____    No _____

**If your answer to Question A(3) is "yes," please proceed to Question A(4).**

**If you answer to Question A(3) is "no," you must find in favor of Defendants on the employer issue and relieve Jones Apparel of liability in this matter. Therefore, please proceed to Section B for the purposes of determining Nine West's liability only.**

4. Did Plaintiff prove by a preponderance of the evidence that Nine West and Jones Apparel have common ownership and financial control?

Yes _____    No _____

**If your answer to Question A(4) is "yes," please proceed to Section B for the purposes of determining Nine West's and Jones Apparel's liability, if any.**

**If you answer to Question A(4) is "no," you must find in favor of Defendants on the employer issue and relieve Jones Apparel of liability in this matter. Therefore, please proceed to Section B for the purposes of determining Nine West's liability only, if any.**

B. **Age Discrimination**

1. Did Plaintiff prove by a preponderance of the evidence that he was a member of a protected class?

Yes _____    No _____

**If your answer to Question B(1) is "yes," please proceed to Section B(2).**

**If you answer to Question B(1) is "no," you must find in favor of Defendant(s) on Plaintiff's age discrimination claims. Therefore, please proceed to Section D.**

2. Did Plaintiff prove by a preponderance of the evidence that he suffered an adverse employment action?

Yes _____    No _____

**If your answer to Question B(2) is "yes," please proceed to Section B(3).**

**If you answer to Question B(2) is "no," you must find in favor of Defendant(s) on Plaintiff's age discrimination claims. Therefore, please proceed to Section D.**

3. Did Plaintiff prove by a preponderance of the evidence that he was qualified for a position he was not offered?

   Yes _____     No _____

**If your answer to Question B(3) is "yes," please proceed to Section B(4).**

**If you answer to Question B(1) is "no," you must find in favor of Defendant(s) on Plaintiff's age discrimination claims. Therefore, please proceed to Section D.**

4. Did Plaintiff prove by a preponderance of the evidence that he was singled out for discharge because of his age?

   Yes _____     No _____

**If your answer to Question B(4) is "yes," please proceed to Section B(5).**

**If you answer to Question B(4) is "no," you must find in favor of Defendant(s) on Plaintiff's age discrimination claims. Therefore, please proceed to Section D.**

5. Did Plaintiff prove by a preponderance of the evidence that his Regional Sales Director position was filled by someone under forty years of age?

   Yes _____     No _____

**If your answer to Question B(5) is "yes," please proceed to Section B(6).**

**If you answer to Question B(5) is "no," you must find in favor of Defendant(s) on Plaintiff's age discrimination claims. Therefore, please proceed to Section D.**

6. Did Plaintiff prove by a preponderance of the evidence that his Regional Sales Position was filled by someone substantially younger than Plaintiff, even if that person was over the age of forty?

   Yes _____     No _____

**If your answer to Question B(6) is "yes," please proceed to Section B(7).**

**If you answer to Question B(6) is "no," you must find in favor of Defendant(s) on Plaintiff's age discrimination claims. Therefore, please proceed to Section D.**

7. Did Defendant(s) provided a nondiscriminatory reason, regardless of whether you agree with that reason or Defendant(s)' business judgment, for including Plaintiff in the company-wide reduction in force?

   Yes _____    No _____

   **If your answer to Question B(7) is "yes," please proceed to Section B(8).**

   **If you answer to Question B(7) is "no," please proceed to Section D.**

8. Did Plaintiff prove by a preponderance of the evidence that the nondiscriminatory reason offered by Defendant(s) was false?

   Yes _____    No _____

   **If your answer to Question B(8) is "yes," please proceed to Section B(9).**

   **If you answer to Question B(8) is "no," you must find in favor of Defendant(s) on Plaintiff's age discrimination claims.  Therefore, please proceed to Section D.**

9. Did Plaintiff prove by a preponderance of the evidence that Defendant(s), regardless of whether you think their decision was wrong or mistaken, actually terminated Plaintiff because of his age?

   Yes _____    No _____

   **If your answer to Question B(9) is "yes," please proceed to Section B(10).**

   **If you answer to Question B(9) is "no," you must find in favor of Defendant(s) on Plaintiff's age discrimination claims.  Therefore, please proceed to Section D.**

C. **Public Policy**

   1. A public policy claim in Ohio cannot exist without a finding that a federal or state statute was violated.  Therefore, if you found in favor of Defendants in Section B, above, please proceed to Section D.  If you found in favor of Plaintiff in Section C, pleas proceed to Section C(2).

   2. Did Plaintiff prove by a preponderance of the evidence that his discharge by Defendant(s) was motivated by conduct contrary to the public policy against age discrimination?

      Yes _____    No _____

4

**If your answer to Question C(2) is "yes," please proceed to Section C(3).**

**If you answer to Question C(2) is "no," you must find in favor of Defendant(s) on Plaintiff's public policy claim. Therefore, please proceed to Section D.**

3. Did Plaintiff prove by a preponderance of the evidence that Defendant(s) lacked any overriding legitimate business justification for its decision regarding Plaintiff's employment?

   Yes _____    No _____

**If your answer to Question C(3) is "yes," please proceed to Section C(4).**

**If you answer to Question C(3) is "no," you must find in favor of Defendant(s) on Plaintiff's public policy claim. Therefore, please proceed to Section D.**

D. **Promissory Estoppel**

1. Did Plaintiff prove by a preponderance of the evidence that Defendant(s) made a specific, discrete promise to the Plaintiff relating to job security, such as employment for a definite term or discharge for cause only?

   Yes _____    No _____

   **If your answer to Question D(1) is "yes," please proceed to Section D(2).**

   **If you answer to Question D(1) is "no," you must find in favor of Defendant(s) on Plaintiff's public policy claim. Therefore, please proceed to Section E.**

2. Did Plaintiff prove by a preponderance of the evidence that Defendant(s) should reasonably have expected the Plaintiff to rely on this promise?

   Yes _____    No _____

   **If your answer to Question D(2) is "yes," please proceed to Section D(3).**

   **If you answer to Question D(2) is "no," you must find in favor of Defendant(s) on Plaintiff's public policy claim. Therefore, please proceed to Section E.**

3. Did Plaintiff prove by a preponderance of the evidence that Plaintiff actually relied on this promise to his detriment, i.e., the promise caused the Plaintiff to do something that he otherwise would not have done, which was to his detriment.

   Yes _____      No _____

**If your answer to Question D(3) is "yes," please proceed to Section D(4).**

**If you answer to Question D(3) is "no," you must find in favor of Defendant(s) on Plaintiff's public policy claim. Therefore, please proceed to Section E.**

4. Did Plaintiff prove by a preponderance of the evidence that it was reasonable for Plaintiff to act or not to act in this way in reliance on the promise?

   Yes _____      No _____

**If your answer to Question D(4) is "yes," please proceed to Section D(5).**

**If you answer to Question D(4) is "no," you must find in favor of Defendant(s) on Plaintiff's public policy claim. Therefore, please proceed to Section E.**

5. Did Plaintiff prove by a preponderance of the legal evidence that Defendant(s) broke the promise?

   Yes _____      No _____

**If your answer to Question D(5) is "yes," please proceed to Section D(6).**

**If you answer to Question D(5) is "no," you must find in favor of Defendant(s) on Plaintiff's public policy claim. Therefore, please proceed to Section E.**

6. Did Plaintiff prove by a preponderance of the legal evidence that Plaintiff suffered an injustice as a result of Defendant(s)' failure to fulfill their promise and that injustice can only be avoided by enforcement of the promise?

   Yes _____      No _____

**If your answer to Question D(6) is "yes," please proceed to Section D(7).**

**If you answer to Question D(6) is "no," you must find in favor of Defendant(s) on Plaintiff's public policy claim. Therefore, please proceed to Section E.**

**Please proceed to the next section.**

E. **Damages**

1. Please indicate those claims that you found Plaintiff proved by a preponderance of the evidence:

    _____    Single Employer Status

    _____    Age Discrimination

    _____    Violation of Public Policy

    _____    Promissory Estoppel

2. If you believe Plaintiff has proven any of the claims in Question E(1) by a preponderance of the evidence, do you believe he is entitled to back pay damages as a result?

    Yes _____        No _____

**If your answer to Question E(2) is "yes," please proceed to Section E(3).**

**If you answer to Question E(2) is "no," stop your deliberations on back pay damages and please proceed to Question E (9).**

3.  a.  If you believe Plaintiff is entitled to back pay damages, has Plaintiff presented any evidence that he has mitigated his damages?

    Yes _____        No _____

**If your answer to Question E(3)(a) is "yes," please proceed to Section E(3)(b).**

**If you answer to Question E(3)(a) is "no," stop your deliberations on back pay damages and please proceed to Question E (9).**

   b.  If Plaintiff has presented any evidence that he has mitigated his damages, have Defendant(s) shown by a preponderance of the evidence that Plaintiff failed to mitigate his back pay damages by not making reasonable efforts to obtain and/or retain comparable employment?

Yes _____    No _____

**If your answer to Question E(3)(b) is "no," please proceed to Section E(4).**

**If you answer to Question E(3)(b) is "yes," stop your deliberations on back pay damages and please proceed to Question E (9).**

4. What certain amount in back pay damages, if any, do you find Plaintiff has proven by a preponderance of the evidence he is entitled to as compensation for economic damages he experienced as a result of the acts of Defendant(s)? Once you have agreed on an amount, please write it in Line (a), below.

    (a) $ _____

**Please proceed to Question E(5).**

5. What is the amount of income and benefits Plaintiff should have earned from the time of his discharge until today if he made diligent efforts to seek and retain employment? Once you have agreed on this amount, please write it on Line (b), below.

    (b) $ _____

**Please proceed to Question E(6).**

6. Please subtract the amount in line (b) from line (a). Please write that amount on the line below.

    (c) $ _____

**Please proceed to Question E(7).**

7. Did Plaintiff prove that Defendant(s) acted knowingly or with reckless disregard for whether it was violating the violated the federal anti-discrimination law?

   Yes _____    No _____

**If your answer to Question E(7) is "yes," please proceed to Section E(8).**

**If you answer to Question E(7) is "no," stop your deliberations on back pay damages and please proceed to Question E (9).**

8. If your answer to E(7) was yes, please enter on the line below the amount you entered on line E(6)(c), above.

   $ _____

**Please proceed to Question E(9)**

9. If you believe Plaintiff has proven any of his claims of age discrimination and/or wrongful discharge by a preponderance of the evidence, do you believe he is entitled to front pay damages as a result?

   Yes _____    No _____

**If your answer to Question E(10) is "yes," please proceed to Section E(11).**

**If you answer to Question E(10) is "no," stop your deliberations on front pay damages and please proceed to Question E (14).**

10. a.   If you believe Plaintiff is entitled to front pay damages, has Plaintiff presented any evidence that he has mitigated his damages by making reasonable efforts to obtain and retain comparable employment?

    Yes _____    No _____

**If your answer to Question E(10)(a) is "yes," please proceed to Section E(10)(b).**

**If you answer to Question E(10)(a) is "no," stop your deliberations on back pay damages and please proceed to Question E (14).**

9

    b.    If Plaintiff has presented any evidence that he has mitigated his damages, have Defendant(s) shown by a preponderance of the evidence that Plaintiff failed to mitigate his back pay damages by not making reasonable efforts to obtain and/or retain comparable employment?

    Yes _____        No _____

**If your answer to Question E(10)(b) is "no," please proceed to Section E(11).**

**If you answer to Question E(10)(b) is "yes," stop your deliberations on back pay damages and please proceed to Question E (14).**

11.    What amount in front pay damages, if any, do you find Plaintiff has proven by a preponderance of the evidence he is entitled to as compensation for economic damages he experienced as a result of the acts of Defendant(s)? Please also indicate the date on which you determine Plaintiff would have retired. Once you have agreed on an amount, please write it on Line (a), below.

    (a) $ _____

    date front pay ends: _____

**Please proceed to Question E(12).**

12.    What is the amount of income and benefits Plaintiff should have earned if he made diligent efforts to seek and retain employment? Once you have agreed on this amount, please write it on Line (b), below.

    (b) $ _____

**Please proceed to Question E(13).**

13.    Please subtract the amount in line (b) from line (a), above. Please write that amount on the line below.

    $ _____

**Please proceed to Question E(14).**

10

14. If you believe Plaintiff has proven his Ohio state law claim for age discrimination by a preponderance of the evidence, do you believe he is entitled to compensatory damages?

   Yes _____    No _____

   **If your answer to Question E(14) is "yes," please proceed to Section E(15).**

   **If you answer to Question E(14) is "no," stop your deliberations on compensatory damages and please proceed to Question E (18).**

15. Did Plaintiff prove by a preponderance of the evidence he actually suffered emotional distress and mental anxiety as a result of violations of the Ohio state anti-discrimination law?

   Yes _____    No _____

   **If your answer to Question E(15) is "yes," please proceed to Section E(16).**

   **If you answer to Question E(15) is "no," stop your deliberations on emotional distress and mental anxiety damages and please proceed to Question E (18).**

16. Did Plaintiff use reasonable care and diligence to minimize the extent of his Ohio state law emotional distress and mental anxiety damages?

   Yes _____    No _____

   **If your answer to Question E(16) is "yes," please proceed to Section E(17).**

   **If you answer to Question E(16) is "no," stop your deliberations on emotional distress and mental anxiety damages and please proceed to Question E (18).**

17. What amount in compensatory damages, <u>excluding back pay</u>, do you find Plaintiff is entitled to for violations of Ohio state anti-discrimination laws? Once you have agreed on an amount, please write it on the line below.

   $ _____

**Please proceed to Question E(18).**

18. If you believe Plaintiff has proven by a preponderance of the evidence his age discrimination claim under state and federal law, do you believe Plaintiff has proven by a preponderance of the evidence his wrongful discharge in violation of public policy claim?

    Yes _____    No _____

**If your answer to Question E(18) is "yes," please proceed to Section E(19).**

**If you answer to Question E(18) is "no," stop your deliberations on violation of public policy damages and please proceed to Question E (21).**

19. If you believe Plaintiff has proven by a preponderance of the evidence his wrongful discharge in violation of public policy claim, do you believe he is entitled to compensatory damages different from those, if any, awarded for his state law discrimination claim?

    Yes _____    No _____

**If your answer to Question E(19) is "yes," please proceed to Section E(20).**

**If you answer to Question E(19) is "no," stop your deliberations on compensatory damages and please proceed to Question E (21).**

20. What amount, if any, of compensatory damages, <u>excluding back pay and compensatory damages, if any, awarded under Plaintiff's state law discrimination claim</u>, do you find Plaintiff is entitled to for the wrongful discharge in violation of public policy claim? Once you have agreed to an amount, please write it on the line below.

    $ _____

**Proceed to Question E(21).**

21. If you believe Plaintiff has proven his Ohio state law and/or violation of public policy claims and has proven actual malice by clear and convincing evidence, do you believe he is entitled to punitive damages?

    Yes _____    No _____

**If your answer to Question E(21) is "yes," please proceed to Section E(22).**

**If you answer to Question E(21) is "no," stop your deliberations on punitive damages and please proceed to Question E (23).**

22. The amount, if any, Plaintiff has proven by clear and convincing evidence he is entitled to in punitive damages, <u>less any recovery for liquidated damages under his federal age discrimination claim</u>, because Defendant(s) acted with actual malice to Plaintiff:

    $ _____

23. If you believe Plaintiff has proven his promissory estoppel claim by a preponderance of the evidence, do you believe he is entitled to compensatory damages different from those, if any, awarded for his state law discrimination claim?

    Yes _____      No _____

    **If your answer to Question E(23) is "yes," please proceed to Section E(24).**

    **If you answer to Question E(23) is "no," stop your deliberations on compensatory damages.**

24. What amount, if any, of compensatory damages, <u>excluding back pay and compensatory damages, if any, awarded under Plaintiff's state law discrimination claim</u>, do you find Plaintiff is entitled to for his promissory estoppel claim? Once you have agreed to an amount, please write it on the line below.

    $ _____

        Respectfully submitted,

        DEFENDANTS
        NINE WEST GROUP INC. and
        JONES APPAREL GROUP, INC.


By: s/Gary L. Greenberg
    Gary L. Greenberg (0023180)
    DENLINGER, ROSENTHAL
       & GREENBERG
    2310 Firstar Tower
    425 Walnut Street
    Cincinnati, Ohio 45202
    (513) 621-3440 (Telephone)
    (513) 621-4449 (Facsimile)

    Trial Attorney for Defendants

OF COUNSEL:
Conrad S. Kee
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904-0251
(203) 961-0404 (Telephone)
(203) 324-4704 (Facsimile)