# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **HOWARD M. KERSTINE** | : | |
| | : | **CASE NO.  C-1-02-080** |
| Plaintiff | : | Judge Weber |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S PROPOSED** |
| **NINE WEST GROUP, INC.** | : | **JURY INSTRUCTIONS** |
| **JONES APPAREL GROUP** | : | **AND SPECIAL** |
| | : | **INTERROGATORIES** |
| Defendants | : | |

Plaintiff, through counsel, hereby requests, pursuant to Rule 51 of the Federal Rules of Civil Procedure, that the Court charge the jury according to the attached proposed special instructions.  These instructions are submitted this 26th day of November 2003 due to the request of Defendant of yesterday to delay the filing by one day.

Respectfully submitted,

s/ Paul H. Tobias
Paul H. Tobias – 0032415
David D. Kammer - 0061808
Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, OH  45202
(513)  241-8137
(513) 241-7863 (fax)
tkt@tktlaw.com
Attorneys for Plaintiff

**Plaintiff's Proposed Instruction No. 1**

## *SUMMARY OF PLAINTIFFS' LEGAL CLAIMS*

This case involves several claims brought by the Plaintiff Howard Kerstine against the Defendants Jones Apparel and Nine West.  The elements that Mr. Kerstine must prove to establish these claims will be described in a moment.  What follows is a brief introduction to these claims.

Age Discrimination.  Mr. Kerstine alleges that he was discriminated against because of his age when 1) he was terminated and 2) when he was not transferred to another position in the company.  His age discrimination claim is based upon two statutes:  The Age Discrimination in Employment Act (ADEA), which is a federal statute; and the Ohio Civil Rights Act, which is a state statute.  These laws prohibit an employer from discriminating against someone because of the person's age, if the person is over 40 years old.

Defendants deny that they discriminated against Mr. Kerstine on the basis of his age.  Defendants contend that they had legitimate, non-discriminatory reasons for each of their employment decisions.

Promissory Estoppel.  Mr. Kerstine claims that Defendant represented to him on more than one occasion that he would have a job with the company until he wanted to retire and that he reasonably relied on this representation to his detriment.  Mr. Kerstine therefore alleges that he is protected by the doctrine of promissory estoppel from the company reneging on its representations to him.  Mr. Kerstine claims that the representations were breached when the company terminated him.  The company denies that any such representations were made or that they should be bound by any such representations.

**Plaintiff's Proposed Instruction No. 2**

## <u>AGE DISCRIMINATION- ELEMENTS</u>

Mr. Kerstine claims that the Defendant discriminated against him by terminating him and/or failing to transfer him because of his age.

It is unlawful for an employer to discriminate against an employee who is over the age of 40 because of that employee's age. This means that an employer may not select an employee for termination or fail to transfer him based, wholly or in part, on the employee's age. Mr. Kerstine has the burden of proving by a preponderance of the legal evidence that his age was a motivating factor in Defendant's decision to terminate him and/or failure to transfer him.

In an age discrimination lawsuit under federal and Ohio law, Mr. Kerstine satisfy his initial burden (prima facie case) by showing the following by a preponderance of the legal evidence:

(1) That Mr. Kerstine was over 40 years of age;

(2) That Mr. Kerstine was terminated;

(3) That Mr. Kerstine was qualified for the job he held; and

(4) That the termination of Mr. Kerstine allowed Defendant to retain less qualified, younger employees, or Mr. Kerstine was treated differently than similarly situated younger employees, or Mr. Kerstine was replaced by a substantially younger employee. [1]

For the failure to transfer claim, Mr. Kerstine can satisfy his initial burden (prima facie case) by showing:

1) he is over 40 years of age;

2) at the time of his termination he was qualified for other available positions within the corporation;

3) the employer did not offer such positions to him; and

4) a similarly-situated, significantly younger employee who is not a member of the protected class was offered the opportunity to transfer to an available position, or other direct, indirect, or circumstantial evidence supporting an inference of discrimination." [2]

If Mr. Kerstine has not established these elements by a preponderance of the evidence, then your verdict must be for Defendants and you need go no further in your analysis of the age discrimination claim.

---

[1] See <u>Wexler v. White's Fine Furniture, Inc</u>. 317 F.3d 564 (6th Cir. 2003) (en banc<u>); McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).

[2] <u>Ercegovich v. Goodyear Tire and Rubber Co</u>., 154 F.3d 344 (6th 1998); <u>Hawley v. Dresser Indust.</u>, 958 F.2d 720, 723 (6th Cir. 1992).

If you find that Mr. Kerstine has established a prima facie case, then your inquiry continues.  Once Mr. Kerstine establishes a prima facie case, Defendants must then articulate a legitimate, non-discriminatory reason for their employment decisions.  Defendants' burden is simply to state a legitimate reason.  Defendants need not prove to you that they were good reasons.

If Defendants state such a reason, then Mr. Kerstine may still prevail on his age discrimination claims.  In order to prevail, Mr. Kerstine must prove by a preponderance of the evidence that Defendants' stated reason is only a pretext, and that in fact their age was a determining factor in the decision.

Given, in part, by Judge Dlott in Rapp v. Xerox, Case No. C-1-95-1131 (Aug. 3, 1998) pp. 25-26

**Plaintiff's Proposed Instruction No. 3**

**"PRETEXT" -- DEFINITION**

A "pretext" is a fictitious reason or motive advanced to conceal a real one.

There are different ways plaintiff can establish "pretext" and have sufficient proof of age or disability discrimination.  Mr. Kerstine may show pretest by showing that the stated reason is false.  Mr. Kerstine may show that the discriminatory reason (e.g., age or disability) actually motivated defendant's actions, notwithstanding the stated reason.  Alternatively, Mr. Kerstine can establish pretext by showing that the stated reason is "unworthy of credence."

Plaintiff may also show pretext by showing that the factors alleged by the defendant to have justified the discharge were insufficient to motivate the discharge.

An employer's changing rationale for making adverse employment decisions
can be evidence of pretext.

If Mr. Kerstine establishes pretext, you may conclude that his age and/or disability was a determining or motivating factor in his termination.

Adapted from instruction given by Judge Weber in <u>Sacolick v. General Electric Co.</u>, No. C-1-94-017; <u>Texas Dep. of Comm. Affairs v. Burdine</u>, 450 U.S. 248, 101 S.Ct. 1089 (1981); <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S.Ct. 2097, 147 L.Ed. 2d 105 (2000); <u>Manzer v. Diamond Shamrock Chem. Co.</u>, 29 F.3d 1078 (6th Cir 1994); <u>Thurman v. Yellow Freight Systems Inc.</u>, 90 F.3d 1160 (6th Cir. 1996); <u>Kline v. TVA</u>, 128 F.3d 337 (6th Cir. 1997); <u>Schwartz v. Gregori</u>, 45 F. 3d 1017, 1021 (6th Cir. 1995).

**Proposed Jury Instruction No. 4**

**<u>PRETEXT- BUSINESS JUDGMENT</u>**

An employer's business judgment is not an absolute defense to unlawful discrimination.

The reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation i.e. whether it was pretextual.  You may consider whether the employer made a reasonably informed and considered decision before terminating Kerstine.

The reasonableness of a business decision is critical in determining whether the proffered judgment was the employer's actual motivation.  For example, if you can conclude that a reasonable employer would have found the plaintiff to be significantly better qualified for the job, but this employer did not, you can legitimately infer that the employer consciously selected a less-qualified candidate - something that employers do not usually do, unless some other strong consideration, such as discrimination, enters the picture.  Thus, you may conclude that the employer's "business decision" was so lacking in merit as to call into question its genuineness, and thus find it pretextual.

<u>Wexler v. White's Fine Furniture, Inc</u>., 317 F.3d 564 (6th Cir. 2003) (en banc).

## Proposed Jury Instruction No. 5

### DETERMINING FACTOR

Mr. Kerstine's ultimate burden on his age discrimination claim is to prove that his age was at least a determining factor in the decision to terminate him and/or the decision to fail to transfer him.

Mr. Kerstine need not show that his age was the sole or exclusive factor in Defendants' decision to terminate him or failure to transfer him. In order to prove age discrimination, Mr. Kerstine must prove by the greater weight of the evidence that one such factor was his age and that age was a determining factor in the decision of whether he was to be selected for termination.

"Determining factor" means that the employee's age made a difference in the Defendant's decision to terminate his employment and/or failing to transfer him. There may be more than one reason for the defendant's decision to terminate Kerstine's employment and refusal to transfer him. He need not prove that age was the only reason. It is not a determining factor if the employee would have been terminated and not transferred or rehired regardless of his age.

Source: <u>Chappell v. GTE Products</u>, 803 F.2d 261 (6th Cir. 1986); O.J.I. §266.01; O.J.I. §266.01; O.J.I. §266.03.

**Proposed Jury Instruction No. 6**

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

In attempting to show that Defendant discriminated against him, Mr. Kerstine need not offer direct evidence, or an admission that Defendant terminated him because of his age.[3]  Seldom is such evidence available in a discrimination case.  Rather, Mr. Kerstine may prove his case through circumstantial evidence, or evidence from which you can infer that the Defendant was motivated by Mr. Kerstine's age.

Some of the types of circumstantial evidence that you may, but need not, consider as evidence that age motivated the termination are:  evidence establishing the prima facie case, evidence establishing pretext, a reliance on subjective (as opposed to objective) decision-making,[4] violations of company policies or practices surrounding termination,[5] a difference in treatment between older workers and similar workers that are substantially younger,[6] a pattern of treating older employees less favorably,[7] falsity of reason(s) for the termination,[8] retention in a similar position of a substantially–younger, less-qualified employee,[9] the failure to establish reasonably objective standards for use in layoff decisions,[10] and unreasonableness of a business decision surrounding termination.[11]  You may consider other factors as well.

---

[3]    Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578

[4]    Thurman v. Yellow Freight Sys. Inc. (6Th Cir. 1996), 90 F.3d 1160, 1167.

[5]    Wells v. New Cherokee (6th Cir. 1995), 58 F.3d 233, 236.

[6]    Wells v. New Cherokee (6th Cir. 1995), 58 F.3d 233, 237.

[7]    Scott v.Goodyear Tire & Rubber Co. (6th Cir. 1998), 160 F.3d 1121, 1129.

[8]    Wexler v. White's Fine Furniture (6th Cir. 2003), 317 F.3d 564, 576. (en banc)

[9]    Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, 503O'Connor v. Consolidated Coin Caterers Corp. (1996), 517 U.S. 308, 311-12.

[10]    See Rowe v. General Motors Corp. (5th Cir. 1972), 457 F.2d 348, 359 (subjective evaluation procedures "are a ready mechanism" for discrimination); EEOC v. Rodriguez (E.D. Cal 1994), 1994 WL 714003, 66 FEP 1649 (use of standardless criteria in hiring supported claim of discrimination); Watson v. National Linen Service (11th Cir. 1982), 686 F.2d 877, 881 (Failure to establish reasonably objective standards for hiring is a discriminatory practice).

[11]    Wexler v. White's Fine Furniture (6th Cir. 2003), 317 F.3d 564, 576 (en banc)

**Proposed Jury Instruction No. 7**

**<u>MULTIPLE DECISION MAKERS</u>**


The fact that some of the persons who participated in the decision-making process regarding the Mr. Kerstine's termination did not make the "final" decision to terminate him does not insulate the Defendants from a finding of discrimination.  So long as a person anywhere in the chain of events leading to the decision acting within the scope of his or her employment was influenced or motivated by the Mr. Kerstine's age in giving his or her input, you may determine the ultimate decision was discriminatory.


Source:  <u>Wells v. New Cherokee</u> (C.A.6, 1995), 58 F.3d 233, 237-238; <u>Simpson v. Diversitech General, Inc</u>. (1991), 945 F.2d 156, 160; <u>Gutzwiller v. Fenik</u> (C.A.6, 1988), 860 F.2d 1317, 1327; <u>Dey v. Construction</u> (C.A.7, 1994), 28 F.3d 1446, 1459; <u>Crawford v. Runyon</u> (C.A.8, 1994), 37 F.3d 1338, 1341; <u>Bush v. Thomas & King, Inc.</u> (Ohio App.1st Dist. Sept 25, 1998), Case no. C-970906, 78 FEP Cases 635.

**Proposed Jury Instruction No. 8**

**<u>PROMISSORY ESTOPPEL</u>**

Mr. Kerstine claims that the Defendants represented to him that he would have a job until he wanted to retire upon which he relied, and Defendants should be bound by that representation. You shall find for Mr. Kerstine if you find by the greater weight of the evidence that:

1)    The Defendants represented to him that he would have a job until he wanted to retire;

2)    The Defendants knew or should have known that Mr. Kerstine would act in reliance on that representation;

3)    Mr. Kerstine did act in one of two ways:

       a)    By accepting the lower-paying, lower-rated job as Regional Sales Director and staying in Ohio; and/or

       b)    Declining or failing to fully investigate other employment possibilities in reasonable reliance on the Defendants' representation;

4)    Mr. Kerstine's act was detrimental to him; and

5)    Injustice will result if the Defendants' representation is not enforced.

On the other hand, you will find for the Defendants if Kerstine failed to prove any of the foregoing facts by the greater weight of the evidence, or if you determine that the evidence is evenly balanced.

If you find by the greater weight of the evidence that the Defendants broke the promise of employment until retirement, Mr. Kerstine is entitled to damages in the amount sufficient to place him in the same position in which he would have been if the promise had been fully performed by the Defendants to the extent that the damages are reasonably certain and reasonably foreseeable. This would include both back pay and front pay.

Source: Adapted from O.J.I. §253.29, §302.01(8); <u>Mers v. Dispatch Printing Co.</u>, 19 Ohio St.3d 100, syl. ¶ 3 (1985) ("3. The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee.").

**Proposed Jury Instruction No. 9**

**<u>DAMAGES- BACK PAY</u>**

If you find for Mr. Kerstine on the age discrimination or promissory estoppel claims, he is entitled to recover lost wages and benefits, including any increases in wages or benefits lost as a result of Defendants illegal acts. The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date of the termination to the date of the verdict. He should recover all forms of compensation that he proved he would have earned but for his termination, including salary, bonuses, vacation pay, pension, health insurance and other benefits. In determining the amount of back pay, there should be deducted the amount of wages and benefits received from replacement income during the period of back pay awarded.

Source: O.J.I. §266.27; <u>Suggs v. ServiceMaster</u> 72 F.3d 1228 (6th Cir. 1996) **(**"The back pay award should completely redress the economic injury the plaintiff has suffered as a result of discrimination. It should include the salary, including any raises, which plaintiff would have received but for the discrimination, as well as sick leave, vacation pay, pension benefits and other fringe benefits she would have received but for discrimination.") citing <u>Gutzwiller v. Fenik</u>, 860 F.2d 1317, 1333 (6th Cir. 1988).

**Proposed Jury Instruction No. 10**

## DAMAGES- FRONT PAY

If you find for the Mr. Kerstine on the age discrimination or promissory estoppel claims, you shall consider an award of front pay.  Front pay includes the amount Mr. Kerstine would have earned from the date of your verdict until Mr. Kerstine's loss of future pay and benefits will cease.  Among the factors to be considered in deciding the amount of front pay are the following: (1) the age of the Mr. Kerstine; (2) salary and other tangible benefits, such as bonuses and vacation pay; and (3) the replacement value of fringe benefits.

If you award Plaintiff front pay, any sums so awarded must be reduced to their present value.  One accepted method of doing so is the "Total Offset" method.  The "Total Offset" method assumes that the market rate return on investment is totally offset by future wage inflation, making unnecessary any reduction to present value of future losses.

While the damages must be proven with reasonable certainly, Mr. Mead is not required to prove with unrealistic precision the amount of lost earnings, if any, due him. Any uncertainties in the amount Mr. Mead could have earned should be resolved against the employer.

Source: O.J.I. §266.27; Source: adapted from O.J.I. §266.27 and comment; *Ohio Civ. Rights Comm'n. v. Ingram* (1994), 69 Ohio St.3d 89, 630 N.E.2d 669;

**Proposed Jury Instruction No. 11**

**COMPENSATORY DAMAGES-EMOTIONAL SUFFERING**

      If you find for Mr. Kerstine on either of the age discrimination claims, you must award him damages for emotional distress he has proven, if any. Mr. Kerstine claims that he has experienced emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.  In deciding what amount will compensate him for this loss, if any, you will consider nature, character, seriousness and duration of any emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life he may have experienced.  Mr. Kerstine also claims that he will experience emotional pain, suffering, inconvenience, mental anguish in the future.  You may not return a verdict for any future or permanent injury or damages unless you find by the greater weight of the evidence that the injury or damages are reasonably certain to occur and were the proximate result of the defendant's conduct. Regarding permanent and future damages, you are not to speculate.  The law deals in probabilities and not mere possibilities.  In determining permanent and future damage, you may consider only those things that you find from the evidence are reasonably certain to continue.  "Reasonably certain" means probable, that is, more likely to occur than not.

      In deciding this amount you may consider the nature, character, seriousness and duration of any emotional pain, suffering, anxiety, inconvenience, metal anguish, and loss of enjoyment of life the Plaintiff may have experienced.

Source: Adapted from O.J.I. §266.27

**Proposed Jury Instruction No. 12**

**LIQUIDATED DAMAGES-WILLFUL VIOLATION**

If you determine that Mr. Kerstine has met his burden of proving that age was a motivating factor in the decision to terminate him or in failing to transfer him, then you will proceed to make an additional determination of whether the Defendant acted willfully.  If you determine that the Defendant's actions were willful, then Mr. Kerstine will be entitled to an additional award of liquidated damages.  Plaintiffs who receive a liquidated damages award will receive twice the amount of backpay than he would have received if Defendant's actions had not been willful.

Mr. Kerstine bears the entire burden of proving by a preponderance of the legal evidence that Defendant acted willfully.

In order to establish that Defendant acted willfully, Mr. Kerstine must prove by a preponderance of the legal evidence that the Defendant knew or showed reckless disregard for whether their conduct was forbidden by the law.

In determining whether the Defendants acted willfully, you may consider Defendant's acts and omissions, and all of the facts and circumstances.

Source:  Given by Judge Weber in <u>Carr v. Jenny Craig Weight Loss Centres, Inc</u>. c-1-96-756 (July 1999)

**Proposed Jury Instruction No. 13**

**<u>PUNITIVE DAMAGES</u>**

In addition to any compensatory award you make, you will also determine whether to award Howard Kerstine punitive damages. In determining whether to award punitive damages, you may consider all of the circumstances surrounding the termination decision.

The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct and, second, to warn others against doing the same.

In this case you may award punitive damages if you find by clear and convincing legal evidence that the Defendants engaged in an unlawful discriminatory practice with actual malice or callous indifference to the rights of Mr. Kerstine to be free from intentional discrimination.

Callous indifference means "conscious" or "deliberate" indifference to the protected rights of Kerstine or disregard of a high degree of danger to his rights about which the Defendants know or which would be apparent to a reasonable person.

"Actual malice" is defined as either (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights of other persons that has a great possibility of causing substantial harm.

If you determine by the legal evidence received in the case that Defendants' conduct justifies an award of punitive damages, you may award an amount of punitive damages that all jurors agree is proper. The amount that you determine must be reasonable. Sympathy for or dislike of any party in the case must not guide the jury.

If you award these damages, you should consider Defendant's net worth and the impact of its paying of the award.

Punitive damages must bear a reasonable relationship to Plaintiff's actual injury. However, no single numerical equation has been made to easily link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. Some of these include:

(1)     The impact or severity of Defendant's conduct;
(2)     The amount of time Defendant conducted itself in this manner;
(3)     The amount of compensatory damages;
(4)     The potential profits Defendant may have made from this conduct;
(5)     The attitudes and actions of Defendant's top management after the misconduct was discovered; and

(6)         The effect of the damages award on Defendant's financial
            condition.


Source:     Adapted from O.J.I. §23.70; O.J.I. 23.70 and 23.71; last 2
            paragraphs *See* Levinson v. Prentice-Hall, Inc. (3d Cir. 1989),
            868 F.2d 558; Fischer v. Johns Mansville Corp. (1986), 103 N.J.
            643, 673; EEOC Reg., 29 C.F.R. § 1602.14; *see also* Devitt,
            Blackmar and Wolff, Federal Jury Practice and Instructions §§
            104.07, 104A.12 (1987 & Supp. 1993).

**Proposed Jury Instruction No. 14**

## <u>TAX LIABILITY</u>

       I instruct you that Mr. Kerstine is likely to incur greater tax liability on the award than if he had received the amounts over time.  In determining damages, you may consider plaintiff's likely loss of income due to his increased tax liability on any lump-sum award you make.  Namely, I am instructing you that because one of the purposes of federal and Ohio law is to make injured parties whole, it is appropriate for you to consider the higher tax rate and increased taxes plaintiff when making any award, and you may award more to account for the increased tax rate.


Source: <u>Wagner v. Nestle USA, Inc</u>. (June 1, 1999) Cuyahoga Cty. Case No. CV-359020 (Judge Janet Burnside).

**Proposed Jury Instruction No. 15**

**Liability of Jones Apparel, the Parent Corporation**

It is up to you to determine whether Jones, the parent corporation, should also be liable for any violations of law. For a parent corporation to be liable for the legal violations of its subsidiary, it must be shown to be a "single employer or "integrated enterprise." For an entity to be "single employer or "integrated enterprise," you should consider four factors (1) interrelation of operations (i.e., common offices, common record keeping, shared equipment and finances); (2) common management; (3) centralized control of personnel and labor relations; and (4) common ownership and financial control. None of these factors is conclusive, and all four need not be met in every case. Nevertheless, control over labor relations is a central concern. The test may also be satisfied by showing that there is an amount of participation that is sufficient and necessary to the total employment process.

In this case Plaintiff says Jones maintains some degree of common management with Nine West. Defendants concede that there is common ownership and financial control. Plaintiff contends that Jones maintains some centralized control of labor relations and personnel matters as evidenced by the involvement of Nemerov, and Tejero-De Colli in the layoff and discharge decision meetings.

It is up to you to determine whether Jones' involvement with the process meets the above standards.

Source:  Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993-94 (6th

Cir. 1997); Armbruster v. Quinn, 711 F.2d 1332 (6th Cir 1983).

## **SPECIAL INTERROGATORIES**

1.     Did Plaintiff, Howard Kerstine, prove by a preponderance of the evidence that Nine West discriminated against him because of his age in terminating him?

        _____ YES         _____ NO

2.     If you answered yes to #1, did Plaintiff prove by a preponderance of the evidence that Defendants acted willfully in the decision to terminate him?

        _____ YES         _____ NO

3.     Did Plaintiff, Howard Kerstine, prove by a preponderance of the evidence that Nine West discriminated against him because of his age in failing to transfer him?

        _____ YES         _____ NO

4.     If you answered yes to #3, did Plaintiff prove by a preponderance of the evidence that Defendants acted willfully in the decision to fail to transfer him?

        _____ YES         _____ NO

5.     Has Mr. Kerstine proved, by a preponderance of the evidence, his claim of promissory estoppel against Nine West?

        _____ YES         _____ NO

6.    If you answered "YES" to Number 1 and/or 3 and/or 5, what amount of the following damages do you award to Howard Kerstine?

$ _____          Back Pay and Benefits

$ _____          Front Pay and Benefits


7.    If you answered "YES" to Number 1 and/or 3, what amount of emotional distress damages do you award to Howard Kerstine?

$ _____          Emotional Distress


8.    If you answered "YES" to Number 2 and/or Number 4, did Howard Kerstine prove that the Defendant's actions were performed with actual malice or a conscious disregard for the rights of Mr. Kerstine that had a great probability of causing substantial harm?

_____ YES              _____ NO


9.    If you answered "YES" to Number 8, what amount of money, if any, do you award to the Mr. Kerstine for punitive damages?

$ _____          Punitive Damages


10.   Do you find by a preponderance of the evidence that the parent corporation, Jones Apparel, was a "single employer" or "integrated enterprise" with Nine West?

_____ YES              _____ NO

Respectfully submitted,

s/ Paul H. Tobias
Paul H. Tobias – 0032415
David D. Kammer - 0061808
Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, OH  45202
(513)  241-8137
(513) 241-7863 (fax)
tkt@tktlaw.com
Attorneys for Plaintiff

## **CERTIFICATE**

I hereby certify that on November 26, 2003, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will automatically serve

Gary L. Greenberg, Esq., Denlinger, Rosenthal & Greenberg, 2310 Firstar Tower,

425 Walnut Street, Cincinnati, Ohio 45202.


s/ Paul H. Tobias
Paul H. Tobias – 0032415