UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

HOWARD KERSTINE,

        Plaintiff,

v.

NINE WEST GROUP INC. and
JONES APPAREL GROUP,

        Defendants.

CIVIL ACTION NO. C-1-02-080

October 15, 2004

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF
THIRD PARTY WITNESSES ROBERT D. STIX AND JAMES HURLEY
AND VARIOUS TRIAL EXHIBITS**

## I. PRELIMINARY STATEMENT

Pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence, defendants Nine West Group Inc. and Jones Apparel Group, Inc. submit this memorandum of law in support of their motion in limine to exclude the testimony of third party witnesses Robert D. Stix and James Hurley and to preclude the admission of certain exhibits discussed below.

## II. STATEMENT OF FACTS

In his Memorandum In Opposition to Defendants' Motion for Summary Judgment, Mr. Kerstine attached as the declarations of Messrs. Robert D. Stix and James Hurley. Plaintiff intends to call Messrs. Stix and Hurley to testify consistent with their declarations.

Within Mr. Stix's declaration he states that he was a Senior Vice President for U.S. Shoe until 1990 (a time approximately 11 years before Mr. Kerstine was selected for lay-

**ORAL ARGUMENT IS REQUESTED
TESTIMONY IS NOT REQUIRED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| HOWARD KERSTINE, | CIVIL ACTION NO. C-1-02-080 |
| Plaintiff, | |
| v. | |
| NINE WEST GROUP INC. and JONES APPAREL GROUP, | October 15, 2004 |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF
THIRD PARTY WITNESSES ROBERT D. STIX AND JAMES HURLEY
AND VARIOUS TRIAL EXHIBITS**

I.  PRELIMINARY STATEMENT

Pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence, defendants Nine West Group Inc. and Jones Apparel Group, Inc. submit this memorandum of law in support of their motion in limine to exclude the testimony of third party witnesses Robert D. Stix and James Hurley and to preclude the admission of certain exhibits discussed below.

II.  STATEMENT OF FACTS

In his Memorandum In Opposition to Defendants' Motion for Summary Judgment, Mr. Kerstine attached as the declarations of Messrs. Robert D. Stix and James Hurley. Plaintiff intends to call Messrs. Stix and Hurley to testify consistent with their declarations.

Within Mr. Stix's declaration he states that he was a Senior Vice President for U.S. Shoe until 1990 (a time approximately 11 years before Mr. Kerstine was selected for lay-

**ORAL ARGUMENT IS REQUESTED
TESTIMONY IS NOT REQUIRED**

off). Mr. Stix also states in his declaration that he had experience and involvement in reorganization decisions. Finally, Mr. Stix opined in his declaration that the criteria used by Nine West in selecting Mr. Kerstine for lay-off was "unusual."

Mr. Hurley retired from U.S. Shoe in 1993. Mr. Hurley considered Mr. Kerstine to be an excellent employee. He also states performance was the major factor in making decisions concerning salesman and that he did not consider the size of accounts as a factor.

Nine West acquired U.S. Shoe in 1995. Neither Mr. Hurley nor Mr. Stix were ever employed by Nine West or its parent, Jones Apparel Group.

### III. ARGUMENT

#### A. Messrs. Hurley and Stix's Testimony Should Be Precluded

Mr. Kerstine has identified Messrs. Hurley and Stix as a potential trial witnesses and represented that if called, they will attempt to testify regarding matters contained within their declarations. Such testimony is inadmissible because it is irrelevant, unfairly prejudicial, and improper lay opinion regarding the ultimate issue in this matter.

##### 1. Messrs. Stix and Hurley's Testimony Is Irrelevant

Although the standard for determining whether evidence is relevant is extremely liberal, Messrs. Stix and Hurley's testimony cannot meet this standard. "Federal Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Douglass v. Eaton Corp., 956 F.2d 1339, 1344 (6th Cir. 1992) (citing McGowan v. Cooper Indus., Inc., 863 F.2d 1266, 1271 (6th Cir. 1988)).

Their testimony is based on experiences that occurred during a time that bears no relation to the shoe industry, or to Nine West, at the time Mr. Kerstine was selected for discharge. Mr. Stix's declaration states that he was a Senior Vice President for U.S. Shoe until

2

1990, a time approximately 11 years before Mr. Kerstine was selected for lay-off. Mr. Hurley's intended testimony relates to no later than 1993, a time approximately 8 years before Mr. Kerstine was selected for lay-off. Any information they could provide is not related to the same company that Mr. Kerstine worked for when he was laid-off. See Kovacevich v. Kent State Univ., 224 F.3d 806 (6th Cir. 2000) (holding that exclusion of statistical study was proper where study bore little relation to the practices in the plaintiff's department or the effects on the plaintiff). Similarly, their opinion regarding Nine West's business judgment or its methodologies for lay-off is simply not relevant. See Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106, 1117 (6th Cir. 2001) (noting whether employer's business judgment was sound, even in hindsight, is irrelevant); Hartsel v. Keys, 87 F.3d 795, 801 (6th Cir. 1996) ("The law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with"). Their dated opinions are irrelevant because they do not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without his testimony. See Douglass, 956 F.2d at 1344.

2. **Messrs Stix and Hurley's Testimony Is Unfairly Prejudicial**

Even if their testimony were relevant, which it is not, it is still inadmissible because it is unfairly prejudicial. Under F.R.E. 403, the Court should exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice that admission of the evidence would pose. Conde v. Velsicol Chem. Corp., 804 F. Supp. 972, 985 (D. Ohio, 1992).[1]

---

[1]   Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

3

The testimony of these witnesses is unfairly prejudicial because they, who cannot know anything of Nine West's business considerations, describe Nine West's methods for selecting Mr. Kerstine for lay-off as "unusual" or assert that they would not have used the same factors in making decisions. Such testimony infers that Nine West did not follow some imagined standard industry practice in making its decision, and therefore, the decision must have been affected by discriminatory animus against Mr. Kerstine. There is, of course, no evidence to substantiate their opinions, and their testimony is improper. The testimony of Messrs' Stix and Hurley is inadmissible because it would serve no purpose other than to unfairly prejudice the jury.

### 3.  Mr. Stix's Testimony Is Improper Lay Opinion Testimony

Mr. Stix is not an expert in this matter and can only provide his lay opinion if it meets the requirements of F.R.E. 701. Federal Rule of Evidence 701 provides that if the witness is not testifying as an expert, the witness' testimony in the "form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

As discussed above, Mr. Stix's opinion is not helpful to the jury or related to the determination of any fact because his personal experiences occurred more than a decade before Mr. Kerstine was laid-off and his personal opinions are simply irrelevant.

Mr. Stix's testimony is also inadmissible because it improperly opines regarding the ultimate issue in this matter, namely, was Nine West's lay-off decision tainted by discriminatory animus. See Mitroff v. Xomox Corp., 797 F.2d 271 (6th Cir. 1986) (noting that testimony by a lay witness on an ultimate issue will rarely if ever be helpful to the trier of fact).

4

Mr. Stix's testimony is inadmissible because it is improper lay opinion testimony and it would improperly provide an opinion on the ultimate issue to be decided at trial.

**B. Certain Exhibits Proffered by Plaintiff Should Not Be Admitted Into Evidence**

### 1. Charts Prepared by Mr. Kerstine Are Inadmissible Demonstrative Evidence

Mr. Kerstine intends to offer a number of charts and summaries that he prepared to summarize his testimony including Exhibits 7, 10, 12, 15, 32, 33, 34, 42, and 50.

These charts are inadmissible hearsay because the charts were prepared by Mr. Kerstine for use in this litigation. Such charts are hearsay evidence because they contain information other than that gathered while "testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Indeed the information for these charts was collected by Mr. Kerstine through informal conversations with former colleagues and Mr. Kerstine lacks direct knowledge apart from the information he received from others. Such hearsay is generally inadmissible and cannot be considered by the trier of fact. Fed. R. Evid. 802.

Further, these charts are inadmissible under F.R.E. 403 and 611. The charts have significant potential for misleading the jury and create a risk that the jury may believe Mr. Kerstine's charts were contemporaneous business records. Indeed, throughout the discovery of this matter the charts were referred to by Mr. Kerstine and his counsel as business records. Many times Mr. Kerstine's counsel attempted to persuade Nine West's witnesses that Mr. Kerstine's charts were official Nine West business records. Mr. Kerstine's testimony establishes that he prepared these charts after his termination and in connection with the litigation.

Rules 403 and 611 give the Court broad discretion over the mode of proof. Mr. Kerstine should not be permitted to introduce charts which merely replicate his testimony.

5

### 2. Several Exhibits Are Inadmissible Hearsay

Many of Mr. Kerstine's exhibits are inadmissible because they are hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is generally inadmissible and cannot be considered by the trier of fact. Fed. R. Evid. 802.

Mr. Kerstine's Exhibit 26 (Self Appraisal), Exhibit 38 (Declaration), Exhibit 44 (Diary), and Exhibit 68 (Self Appraisal) were all drafted by him and contain his own out of court statements, in written form, that he is now attempting to use at trial. Such exhibits are inadmissible. Mr. Kerstine can testify to, and be cross-examined regarding, the matters contained within the exhibits, but the exhibits themselves are inadmissible hearsay.

Mr. Kerstine's Exhibit 69 (Standard and Poors Stock Report) is also inadmissible hearsay. This report, similar to any newspaper article or periodical, is inadmissible for the truth of the matters contained within it because the writer of the report was not been admitted as an expert witness and the report is not supported by deposition or declaration testimony. See Wilson v. Upjohn Corp., Nos. 91-3670, 91-3682, 1992 U.S. App. LEXIS 16655, 1992 WL 158121 at **4 (6th Cir. July 9, 1992) (finding medical articles were inadmissible hearsay). Similarly, Exhibits 51 through 54 are declarations of potential witnesses and are inadmissible hearsay.

## IV. CONCLUSION

Messrs. Stix and Hurley's testimony is inadmissible because it is irrelevant, unfairly prejudicial, and improper lay opinion regarding the ultimate issue in this matter. Mr. Kerstine's exhibits are inadmissible because they are inadmissible hearsay and demonstrative evidence.

DEFENDANTS,
NINE WEST GROUP INC. and
JONES APPAREL GROUP, INC.

By: _____
Gary L. Greenberg (0023180)
DENLINGER, ROSENTHAL
    & GREENBERG
2310 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202
(513) 621-3440 (Telephone)
(513) 621-4449 (Facsimile)

-and-
Conrad S. Kee – Pro Hac Vice
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904-0251
(203) 961-0404
(203) 324-4704 (Fax)

Their Attorneys

**CERTIFICATION OF SERVICE**

This is to certify that on October 15, 2004, a copy of the foregoing was served, along with the supporting Memorandum of Law and the declarations of Kyri Fujiwara and Christian A. Grenier, via regular mail, postage prepaid, to counsel of record: Paul H. Tobias, Tobias, Kraus & Torchia, 414 Walnut Street, Suite 911, Cincinnati, Ohio 45202.

_____