UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **HOWARD KERSTINE** | : | |
| | : | **CASE NO. C-1-02-080** |
| Plaintiff | : | Magistrate Judge Hogan |
| | : | |
| vs. | : | |
| | : | |
| **NINE WEST GROUP INC., et al.** | : | **PLAINTIFF'S MOTION** |
| | : | **IN LIMINE** |
| Defendants | : | |
| | : | |
| | : | |

    Now comes Plaintiff, and moves the Court in limine to exclude, from trial, segments of some of Defendants' trial exhibits. These segments of the exhibits should be excluded because they constitute settlement communications under Evidence Rule 408. They are also irrelevant and unfairly prejudicial to Plaintiff. For the reasons that follow the Court should exclude these segments of the exhibits, and prohibit any testimony or argument concerning them.

### Background

    Plaintiff Howard Kerstine has kept a detailed personal journal for several years. The journal is very much like a diary and chronicles Kerstine's day-to-day life. As part of the discovery in this case he produced the journal for relevant time periods. Defendants have identified as trial exhibits some of the entries in Kerstine's journal. Plaintiff objects to the introduction at trial of certain segments of these exhibits. Those segments read as follows:

1) ". . . I should be able to get them [Defendant] to go to two years [pay]. . . So, if I got that, and then went to work for another company, I could be a couple of hundred thousand to the good."

1

> Defendants' Exhibit 526 (copy attached).

2) "I told him that was totally inappropriate and that I expected at least two years [pay]."

> Defendants' Exhibit 527 (bates 0091) (copy attached).

3) "Sue their asses off to get full salary and benefits paid to age 65 . . .(And, maybe even some damage money. . .) Then . . .ride, write, move to the Southwest, and live the good life.  Wouldn't it be great if this were one of the best things that ever happened to me?"

> Defendants' Exhibit 527 (bates 0096) (copy attached).

4) ". . .hopefully have been able to grow our $600,000 savings by appreciation to about $750,000 and have been able to add another $250,000 by settling the law suit against Nine West.  So, could be at a great place to retire with a million bucks in our pockets.  Wouldn't that be terrific?  It is very possible!"

> Defendants' Exhibit 535 (bates 0119) (copy attached).

**Argument**

Plaintiff objects to introduction or any discussion of the above excerpts for three reasons.  The first is that they are settlement type communications that are inadmissible under Evidence Rule 408.  Rule 408 states:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

As the Sixth Circuit has stated:

> "Moreover, one of the proposed rationales for the enactment of Fed. R. Evid. 408 was that statements made in furtherance of settlement are *never* relevant. The advisory committee note to Rule 408 states that "exclusion may be based on" the fact that "the evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position.""

Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976 (6th Cir. 2003) (emphasis in original).

All of the above segments are statements that indicate what Kerstine would have accepted, at the time, to settle the case. The rationale underlying Rule 408 should cover all of the statements. Under Rule 408, the statements should be excluded.

Even if the above excerpts did not fall under Rule 408, they are either irrelevant under Rule 401 or unfairly prejudicial under Rule 403. The amount Kerstine would have accepted to settle his case, at various points in time, has no bearing on any of the issues that the jury will decide. None of the statements make it more or less likely that the company discriminated against Kerstine. None of the statements are relevant to the amount of damages for which the company may be liable. Front pay, back pay and liquidated damages are determined by formulae that have nothing to do with the amount Kerstine would settle for. The amount he would settle for also has no bearing on emotional distress damages or punitive damages.

Even if there were some relevance to these excerpts, that relevance would be outweighed by the danger of unfair prejudice to Kerstine. Defendant presumably intends to introduce these excerpts to try to convince the jury that they should award less than the actual damages show, simply because Kerstine would have accepted

less. It is unfairly prejudicial to divert the jury's attention from the real issues it should be looking at, and instead focus it on an improper basis for decision.

### Conclusion

Because the above excerpts are settlement communications under Rule 408, irrelevant under Rule 401, and/or unfairly prejudicial under Rule 403, they should be excluded from trial. The Court should also exclude all testimony and argument related to them. For these reasons this motion should be granted.

Respectfully submitted,

s/ David D. Kammer
David D. Kammer – 0061808
Paul H. Tobias—0032415
Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (fax)
DaveK@tktlaw.com
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that I filed the above document on October 15, 2004 using the CM/ECF system which will automatically serve a copy on Conrad S. Kee, Esq., Jackson Lewis Schnitzler & Krupman, 177 Broad St, P.O. Box 251, Stanford, Connecticut 06904.

s/ David D. Kammer
David D. Kammer - 0061808

4