UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **HOWARD M. KERSTINE** : | |
| : | CASE NO. C-1-02-080 |
| Plaintiff : | Magistrate Judge Hogan |
| : | |
| vs. : | |
| : | **PLAINTIFF'S MEMORANDUM** |
| **NINE WEST GROUP, INC.** : | **IN OPPOSITION TO DEFENDANT'S** |
| **JONES APPAREL GROUP** : | **MOTION IN LIMINE** |
| : | |
| Defendants : | |

Now comes Plaintiff and submits this memorandum in opposition to Defendant's motion in limine.

**Testimony of Plaintiff's Witnesses**

Defendant has first moved to exclude the testimony of Robert Stix and James Hurley from trial. In the Joint Final Pretrial Statement prepared in this case when it was still with Judge Weber, Plaintiff summarized the testimony of these witnesses as follows: Robert Stix—Will testify as per his declaration concerning industry standard practice in layoffs and practices used in Defendants' past layoffs in comparison with practices employed during Plaintiff's termination; James Hurley—Will testify as per his declaration concerning Plaintiff's extensive qualifications and experience.

   a. **The testimony is relevant**

Defendant takes issue with parts of the proposed testimony of both witnesses. Defendant asserts that Mr. Stix's testimony regarding layoffs practices in the shoe industry is irrelevant because his knowledge arises from a time some years prior to Kerstine's actual layoff. Further, Defendant claims that Mr. Stix worked for a different company (the predecessor) of the company that Kerstine worked for at the time of his

1

termination.  Defendant makes similar objections to part of the testimony of James Hurley.  Defendant is incorrect about the relevance of this testimony.

Mr. Stix will testify about his knowledge of layoffs in the shoe industry and his knowledge of layoffs in the predecessor company.  He will not testify that Nine West violated its particular policies as to how a layoff should be conducted.  Thus, the fact that he did not work for the specific entity that fired Kerstine does not matter.  He will simply testify to the layoff practices in the industry and predecessor company based on his 33-year career in the shoe industry.  His testimony will be one piece of evidence showing that the alleged basis for the Kerstine layoff was outside industry norms.  This is but one of many pieces of evidence that Kerstine can present for the jury to conclude that the company's reason was pretextual.  Contrary to Defendant's Majewski and Hartsel cases, the jury is permitted to probe into the "business judgment" of the employer.  The Wexler v. White's Fine Furniture Inc., 317 F.3d 564 (6th Cir. 2003) (*en banc*) case, which postdates Defendant's cases and was decided *en banc*, makes this point clear.  In Wexler the Sixth Circuit stated:  "This court has held that the reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proferred reason for the employment action was its actual motivation."  Id. at 576.  Mr. Stix's testimony is relevant because it bears on the issue of the reasonableness of Defendant's decision.  Furthermore, the mere passage of time does not make Mr. Stix's testimony irrelevant.  Defendant has not shown that the shoe industry is so drastically different when Kerstine was terminated that his testimony is totally irrelevant.

Indeed, if Defendant believes that Mr. Stix's or Mr. Hurley's testimony is off-base, the most effective way of confronting it is to show its flaws in cross-examination or by

presentation of its own witness to demonstrate a different industry practice. The testimony of Mr. Stix and Mr. Hurley is relevant and should not be excluded.

### b. The testimony is not unfairly prejudicial

Defendant claims that, even if relevant, the testimony of Mr. Stix and Mr. Hurley is unfairly prejudicial. The burden here is on Defendant to show that the probative value of the evidence would be "substantially" outweighed by the danger of unfair prejudice. Defendant cannot make this showing. The witnesses will testify as to what factors they looked at in layoff decisions. This is relevant and necessary in demonstrating pretext as stated above. There is no unfair prejudice. If there is absolutely no industry practice or if the practice has changed drastically over time, Defendant will have ample opportunity to show this through cross-examination or presentation of its own testimony. The testimony is not unfairly prejudicial.

### c. Mr. Stix's testimony is not improper lay opinion testimony

Plaintiff concurs that Mr. Stix is not an expert witness. Plaintiff disagrees that Mr. Stix is offering opinion testimony. He will testify as to layoff practices in the shoe industry and he will state that what happened to Kerstine was not consistent with this practice. Even if this testimony constitutes an opinion, it is clearly the type of opinion that is within the scope of Evidence Rule 701. First, it is not the type of scientific, technical knowledge contemplated by Rule 702. Second, it would clearly assist the jury to understand his testimony.

Defendant claims Stix's testimony "opines about the ultimate issue in the matter." Not so. The ultimate issue is whether there was age discrimination. Mr. Stix absolutely will not be testifying that it is his opinion that the company was engaged in age discrimination. His testimony is, instead, one piece of evidence that goes to the subject of

pretext.  It is not testimony on the ultimate issue, therefore the <u>Mitroff</u> case is not applicable.

**<u>Plaintiff's Exhibits</u>**

Defendant also challenges the admissibility of some of Plaintiff's exhibits. Defendant refers to Exhibits 7, 10, 12, 15, 32, 33, 34, 42, and 50.[1]  Defendant refers to the documents as "charts."  Defendant first claims that Mr. Kerstine prepared these documents for use in litigation.  The statement is not correct for all of these documents.  Indeed, exhibits 10 and 15 are company documents.  Defendant next claims that these "charts" are hearsay because they were prepared by Kerstine.  Defendant makes this broad objection without even clearly identifying the hearsay problems.  Some of these charts are simply a summary of other evidence put in a form that will be more understandable to the jury.  They are admissible under Evidence Rule 1006.  Exhibits 7 and 34 are organization charts.  Exhibits 12, 32, and 33 are maps of the United States divided into territories for the jury to understand the other evidence.  Exhibit 42 is a summary of employment actions taken against individuals in the organization.  Exhibit 50 is a summary of damages.  Exhibits 10 and 15 are non-hearsay as company business records.

Defendant next complains that the summaries are matters on which Kerstine lacks direct knowledge.  Again, Defendant's vague allegation lacks any specifics upon which to challenge its statement.  However, if Plaintiff cannot, at trial, substantiate the facts (through his or other testimony) that make up the summary, then Defendant's argument about admissibility may have some merit.  Defendant has not demonstrated lack of accurate facts at this time to justify its motion in limine before trial.

Defendant claims that there is a Rule 403 problem with the "charts" because Kerstine will call them "business records." Plaintiff has no intention of calling documents business records unless they are business records. As stated previously exhibits 10 and 15 are business records.

Defendant claims that the "charts" merely replicate Plaintiff's testimony. Again, Defendant has given no specifics. These summaries do not merely replicate testimony, but are summaries that will assist the jury in understanding the evidence.

Defendant challenges a second set of exhibits as being inadmissible because they are hearsay. Defendant challenges exhibits 26 and 68 which are labeled self-appraisals of Kerstine. These self-appraisals were written on business forms of Defendant and are records of regularly conducted activity and therefore are an exception to hearsay under Evidence Rule 803(6).

Defendant challenges exhibit 38, Kerstine's declaration, and Exhibits 51 and 54, the declarations of other witnesses. Plaintiff will not be seeking to admit the declarations into evidence unless something unusual happens. It is unlikely, but they may come in as a past recorded recollection. These exhibits can effectively be dealt with at trial, if and when they become an issue.

Defendant challenges exhibit 44, a diary excerpt. Defendant's challenge is ironic because Defendant itself lists several excerpts from Kerstine's diary in its own exhibit list. This document clearly has some non-hearsay purposes such as showing the timing of certain statements of Defendant's management and showing that this was not a statement that he recently dreamed up. Furthermore, since the statements are Kerstine's

---

1   These documents are now numbered 8, 11, 13, 17, 37, 38, 39, 48, and 67. Plaintiff will use Defendant's numbering in this brief for clarity.

none of the concerns protected by the hearsay rule are in jeopardy. Kerstine will be present at trial to be cross-examined on any part of the document.

Defendant challenges exhibit 69, a Standard and Poors report of the company. This is relevant to the issue of punitive damages. It constitutes a "Market Report, Commercial publication" under Evidence Rule 803(17) and is thus an exception to hearsay.

For the above reasons, the motion in limine should be denied.

Respectfully submitted,

s/David D. Kammer
Paul H. Tobias – 0032415
David D. Kammer – 0061808
Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (fax)
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically serve Gary L. Greenberg, Esq., Denlinger, Rosenthal & Greenberg, 2310 Firstar Tower, 425 Walnut Street, Cincinnati, Ohio 45202 and I hereby certify that I have emailed the document to the following non CM/ECF participant: Conrad S. Kee, Esq., Jackson, Lewis Schnitzler & Krupman, 177 Broad Street, P.O. Box 251, Stamford, Connecticut 06904-0251 on October 22, 2004.

s/David D. Kammer
David D. Kammer – 0061808