UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HOWARD KERSTINE, | : | |
| | : | CIVIL ACTION NO. C-1-02-080 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NINE WEST GROUP INC. and | : | |
| JONES APPAREL GROUP, | : | October 27, 2004 |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE**

**I.   PRELIMINARY STATEMENT**

Pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence, defendants Nine West Group Inc. and Jones Apparel Group, Inc., submit this opposition to Plaintiff's motion in limine, dated October 15, 2004, to exclude certain of Plaintiff's personal journal entries from evidence.

**II.   STATEMENT OF FACTS**

Plaintiff Howard Kerstine alleges that he kept a personal journal for several years that contemporaneously detailed various events of his day-to-day life. Plaintiff and Defendants have identified portions of this journal to be used as exhibits at trial. Plaintiff has filed the instant motion in limine to exclude journal entries that relate to, *inter alia*, his claims against Defendants.

**ORAL ARGUMENT IS REQUESTED
TESTIMONY IS NOT REQUIRED**

III.   ARGUMENT

    A.   <u>**Federal Rule Of Evidence 408 Is Inapplicable**</u>

Federal Rule of Evidence 408 is inapplicable because the journal entries in question will not be offered to prove liability or invalidity of a claim, but instead, will be offered for other legitimate purposes. Further, none of the diary entries provides evidence of Compromise or Offers to Compromise.

Rule 408 provides:

Rule 408.  <u>Compromise and Offers to Compromise</u>

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. **This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.**

(Emphasis added).

While evidence of settlement discussions are not admissible to prove liability, Rule 408 does not require exclusion when evidence is offered for another purpose, such as proving bias or prejudice of witness. <u>County of Hennepin v AFG Indus., Inc.</u>, 726 F2d 149, 152-53 (8th Cir. 1984) (noting that the rule codifies a trend in case law that permits evidence during settlement to impeach); <u>see</u> <u>also</u> <u>Crues v KFC Corp.</u>, 768 F2d 230, 233-34 (8th Cir. 1985) (upholding district court's admission of settlement offer to show intent); <u>Urico v. Parnell Oil Co.</u>, 708 F.2d 852, 854-855 (1st Cir. 1983) (holding that evidence concerning negotiations may be admitted to establish admissions of fact pertaining to mitigation).

Evidence that is not a communication of an offer of settlement is routinely considered by courts. In <u>Kraemer v. Franklin & Marshall College</u>, 909 F Supp 267, 268 (E.D. Pa. 1995), the court admitted into evidence a letter written by the employer in response to plaintiff's counsel's threat of legal action. The court held that the employer's letter was not statement made in compromise negotiations excludable under F.R.E. 408. <u>Id.</u> (noting plaintiff's proffered reason for seeking to admit the letter was not to prove liability, but to impeach the credibility of the employer); <u>see</u> <u>also</u> <u>Frieman v. US Air Group, Inc.</u>, No. 93-3142, 1994 U.S. Dist. LEXIS 16994, at *30-31, (E.D. Pa. 1994) ("statements made during compromise negotiations" are "admissible to impeach" witnesses).

Similarly, in <u>Cassino v. Reichhold Chemicals, Inc.</u>, 817 F.2d 1338 (9th Cir. 1987), <u>cert. denied</u>, 484 U.S. 1047 (1988), the court upheld the admission into evidence of a settlement agreement offered to the ADEA plaintiff at the time of discharge. The court held that the termination agreement had probative value on the issue of discrimination. <u>Id.</u> at 1343. The court concluded that "Rule 408 should not be used to bar relevant evidence concerning the circumstances of the termination itself simply because one party calls its communication with the other party a 'settlement offer.'" <u>Id.</u>

These principles are supported by the case of <u>Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.</u>, 332 F.3d 976, 981-82 (6th Cir. 2003), which is the only authority relied upon by Plaintiff in his underlying motion. In <u>Goodyear</u>, the Circuit Court made clear that it was concerned only with preventing the admission of "settlement communications" into evidence. The Circuit Court noted that it was proper to admit the occurrence of settlement talks or the settlement agreement itself for "another purpose." <u>Id.</u> (citing <u>Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.</u>, 687 F.2d 182, 185 (7th Cir. 1982) (holding existence of settlement

3

negotiations admissible to rebut claim that party had no knowledge of suit); <u>Prudential Ins. Co. of Am. v. Curt Bullock Builders, Inc.</u>, 626 F. Supp. 159, 165 (N.D. Ill. 1985) (holding occurrence of settlement talks admissible to establish agency relationship); <u>Bank Brussels Lambert v. Chase Manhattan Bank, N.A.</u>, No. 93 Civ. 5298, 1996 U.S. Dist. LEXIS 1790, at *6 (S.D.N.Y. Feb. 20, 1996) (compelling discovery of terms of agreement), <u>clarified</u> by 1996 U.S. Dist. LEXIS 2556 (S.D.N.Y. Mar. 1, 1996); <u>Small v. Hunt</u>, 152 F.R.D. 509, 511 (E.D.N.C. 1994) (allowing discovery of settlement materials to show a "change in circumstances")).

The Circuit Court explained that the privilege surrounding settlement talks did not apply if there was "another purpose" for seeking the information. For example, if plaintiff's representative claimed he had never met defendant, defendant could rebut this contention, if it were relevant, by introducing evidence from the settlement talks as proof that each had negotiated with the other. <u>Id.</u> at 981.

### B. **Plaintiff's Journal Entries Will Be Offered To Prove State Of Mind, Emotional State, And Intention To Mitigate**

In the instant matter, Plaintiff's journal entries did not contain "settlement communications" and did not describe any offer or promise to accept consideration for compromising Plaintiff's claims. Instead, the journal entries related to other issues, such as Plaintiff's state of mind, bias, his then present emotional state, his actual damages, and his varying intentions to mitigate his damages by seeking other employment. We note that plaintiff asserts he has several hundred thousand dollars in damages, including his lost wages and his relocation costs to Arizona, and also seeks recovery for emotional distress.

4

The journal entries at issue are as follows:

1) "I should be able to get them [Defendant] to go to two years [pay] . . . . So, if I got that, **and then went to work for another company**, **I could be a couple of hundred thousand to the good**." Defendants' Exhibit 526 (emphasis added).

2) "I told him that was totally inappropriate and that **I expected at least two years [pay]**." Defendants' Exhibit 527 (bates 0091) (emphasis added).

3) "Sue their asses off to get full salary and benefits paid to age 65 . . .(And, maybe even some damage money. . .). **Then . . . ride, write, move to the Southwest, and live the good life. Wouldn't it be great if this were one of the best things that ever happened to me?**" Defendants' Exhibit 527 (bates 0096) (emphasis added).

4) "[H]opefully have been able to grow our $600,000 savings by appreciation to about $750,000 and have been able to add another $250,000 by settling the law suit against Nine West. **So, could be at a great place to retire with a million bucks in our pockets. Wouldn't that be terrific? It is very possible!**" Defendants' Exhibit 535 (bates 0119) (emphasis added).

Journal entries such as the four listed above may be offered as evidence of, or as impeachment to Plaintiff's trial testimony regarding, his state of mind, bias, emotional status, damages and his varying intentions to mitigate.[1]

---

[1] In both civil and criminal cases, courts have found diary entries to be admissible evidence. See, e.g., Turpin v. Kassulke, 26 F.3d 1392, 1400 (6th Cir. 1994) (finding admissible a diary entry under Federal Rules of Evidence 404(b) and 403), cert. denied, 130 L. Ed. 2d 797 (1995); United States v. Sheets, 125 F.R.D. 172, 176 (D. Utah 1989) (finding portions of a diary admissible in evidence pursuant to the residual exceptions to hearsay Rules 803(24) and 804(b)(5)); United States v. Treff, 924 F.2d 975, 983 (10th Cir. 1991) (affirming district court's admission of diary entry into evidence under Rules 803(24) or 804(b)(5)), cert. denied, 500 U.S. 958 (1991); United States v. Red Feather, 865 F.2d 169, 170-71 (8th Cir 1989) (affirming district court's admission of diary entries into evidence under Rule 801(d)(1)(b)); Greger v. International Jensen Inc., 820 F.2d 937, 943 (8th Cir. 1987) (finding diary entries admissible as a past recollection recorded under Rule 803(5)); Kehm v. Procter & Gamble Mfg. Co., 724 F.2d 613, 625 (8th Cir. 1983) (finding that the district court did not abuse its discretion in admitting diary entries to negate other testimony presented at trial); Seattle-First National Bank v. Randall, 532 F.2d 1291, 1295 (9th Cir. 1976) (affirming district court's admission of diaries pursuant to Rule 803(3)'s state of mind exception to the hearsay rule); United States v. Hobson, 519 F.2d 765, 772-73 (9th Cir. 1975) (affirming the district court's admission of diary entry for impeachment purposes), cert. denied, 423 U.S. 931 (1975).

### C. Plaintiff's Journal Entries Are Not Otherwise Irrelevant Or Unfairly Prejudicial

Other than making a general statement regarding relevance and prejudice, Plaintiff has failed to explain how the journal entries in question are irrelevant and how they would unfairly prejudice the jury if admitted into evidence. In fact, the journal entries are relevant because they provide evidence relating to Plaintiff's state of mind, bias, emotional status, damages and his varying intentions to mitigate by seeking other employment. All of these topics are relevant to the matters before the Court.[2]

Furthermore, the evidence should not be excluded for fear of unfairly prejudicing the jury. The probative value of the journal entries is not substantially outweighed by the danger of unfair prejudice that admission of the evidence would pose.[3] None of the journal entries are salacious or carry such weight that the jury will be unfairly prejudiced by them, and it is appropriate for the Court to permit admission of the journal entries into evidence.

## IV. CONCLUSION

The journal entries are not "settlement communications" and Federal Rule of Evidence 408 is inapplicable. Further, the journal entries are relevant and would not unfairly prejudice the jury. Accordingly, the journal entries should be admitted into evidence and Plaintiff's motion in limine should be denied.

---

[2] Relevance is defined by Rule 401 of the Federal Rules of Evidence as "any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[3] Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

                                        DEFENDANTS,
                                        NINE WEST GROUP INC. and
                                        JONES APPAREL GROUP, INC.

                          By:    s/ Gary L. Greenberg
                                Gary L. Greenberg (0023180)

Of Counsel:                        DENLINGER, ROSENTHAL
                                          & GREENBERG, CO. L.P.A.
Conrad S. Kee – Pro Hac Vice      2310 Firstar Tower
JACKSON LEWIS LLP               425 Walnut Street
177 Broad Street                       Cincinnati, Ohio 45202
P.O. Box 251                           (513) 621-3440 (Telephone)
Stamford, Connecticut 06904-0251   (513) 621-4449 (Facsimile)
(203) 961-0404
(203) 324-4704 (Fax)              Trial Attorney for Defendants


## CERTIFICATION OF SERVICE

       I hereby certify that on this 27th day of October, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                s/ Gary L. Greenberg