## **APPENDIX E**

## DEFENDANTS' EXHIBITS

500. Plaintiff's U.S. Shoe Application for Employment, dated 12/21/92 (attached to Defendants' Memorandum of Law in Support of Motion for Summary Judgment at Tab 2).

501. Nine West Group Inc.'s Associate Handbook (effective January 1998) (attached to Defendants' Memorandum of Law in Support of Motion for Summary Judgment at Tab 3).

502. Chart identifying division's savings from the position eliminations and identifying how to shift accounts (attached to Declaration of Muriel Schreck in Support of Motion for Summary Judgment as Attachment 3).

503. Plaintiff's Annual Performance Appraisal – Self (Review Period: 1996).

504. Plaintiff's Regional Sales Director Self Appraisal (Review Period: 2/99 to 12/99).

505. Plaintiff's 2/19/94 personal journal entry regarding Plaintiff's concerns about discrimination against males and older workers.

506. Plaintiff's 3/1/97 personal journal entry regarding Plaintiff's discussion with Rick Paterno about Plaintiff's decision to take the Regional Sales Director job in Cincinnati.

507. Plaintiff's 3/1/97 personal journal entry regarding Plaintiff's discussion with Joe Dzialo about Plaintiff's decision to take the RSD position in Cincinnati.

508. Plaintiff's 5/15/97 personal journal entry regarding "My Future," discussing staying on as V.P. Sales while still living in Cincinnati.

509. Plaintiff's 5/24/97 personal journal entry regarding "My Future," discussing second conversation with Rick Paterno regarding Plaintiff staying on as V.P. Sales while continuing to live in Cincinnati.

510. Plaintiff's 11/22/97 personal journal entry regarding discussions with Rick Paterno and Joe Dzialo regarding office space in White Plains and Plaintiff's future if Paterno left company.

511. Plaintiff's 5/16/98 personal journal entry regarding conversation with Rick Paterno about Plaintiff's decision whether to stay on as V.P. Sales (coming to White Plains twice per week) or take the RSD position in Cincinnati.

512. Plaintiff's 7/30/98, 7/31/98 and 8/1/98 personal journal entries regarding Plaintiff's decision to take the RSD position.

513. Plaintiff's 12/12/98 personal journal entry regarding job offer to Plaintiff from Penobscott and Plaintiff's decision to "abdicate" his V.P. Sales position.

514. Plaintiff's 10/26/99 personal journal entry regarding call from Rich Demma regarding job offer at Selby and Plaintiff's readiness to leave Easy Spirit.

515. Plaintiff's 2/9/00 personal journal entry regarding Plaintiff's meeting with Rich Demma and Colleen Hanley about Executive V.P. position with Old Maine Trotter.

516. Plaintiff's 2/11/00 personal journal entry regarding Plaintiff's discussions with Rich Demma about Old Maine Trotter job, including salary and fact no employment contract.

517. Plaintiff's 2/13/00 personal journal entry regarding demand for more money and "three year no cut clause contract" to take Old Maine Trotter.

518. Plaintiff's 2/19/00 personal journal entry regarding Rich Demma's request Plaintiff reconsider Old Maine Trotter job, which Plaintiff declined.

519. Plaintiff's 2/24/01 personal journal entry regarding discussions with Rick Paterno about Paterno's desire to leave Easy Spirit, and impact Paterno leaving has on Plaintiff's job security.

520. Plaintiff's 3/3/01 Self Appraisal for himself and Bob Deaton.

521. Plaintiff's 4/12/01 and 4/17/01 personal journal entry regarding Plaintiff's Rick Paterno leaving and Mim Schreck taking over as President of Easy Spirit.

522. Plaintiff's 5/12/01 personal journal entry regarding discussions with Glen Ward about Plaintiff's "deal" with Paterno.

523. Plaintiff's 5/17/01 personal journal entry regarding Elder Beerman being put on credit hold and the negative implications that has on Plaintiff's employment.

524. Nine West Group Inc. Organizational Chart – 2001, Easy Spirit Wholesale.

525. Plaintiff's 5/30/01 personal journal entry regarding fears Mim Schreck intended to cut size of sales force.

526. Plaintiff's 6/5/01 personal journal entry regarding Plaintiff's concern his position might be eliminated and his hope for a severance package.

527. Plaintiff's 8/5/01, 8/8/01 and 8/12/01 personal journal entries regarding Plaintiff's reaction to the elimination of his position by Nine West.

528. Plaintiff's prepared notes for telephone call with Mim Schreck on August 7, 2001 (entitled "Conversation on Aug. 7, 2001"), with Plaintiff's handwritten notes included.

529. Plaintiff's 8/7/01 personal journal entry entitled "Memo for Record" regarding follow-up telephone call with Jackie Orris.

530. Plaintiff's undated personal journal entry regarding offer of employment from National Shoe Retailers Association to be President.

531. Plaintiff's 1/5/02 and 1/6/02 personal journal entries regarding Plaintiff's dislike for NSRA position, but belief it gives credence to age discrimination claim against Defendants.

532. Plaintiff's 3/26/02 personal journal entry regarding decision to retire from NSRA and Plaintiff's "Draft Notes on potential position with NSRA" regarding consulting position.

533. Plaintiff's 4/4/02 personal journal entry regarding inquiry from Greg Tunney of Daniel Green as to Plaintiff's interest in starting a new division.

534. Plaintiff's 4/19/02, 4/22/02 and 5/15/02 personal journal entries regarding Plaintiff's discussions and negotiations with Mark Lemp for new job.

535. Plaintiff's 5/6/02 personal journal entry regarding Plaintiff's new position with Mark Lemp.

536. Declaration of Muriel "Mim" Schreck.

537. Declaration of Sandra Rogan.

538. Declaration of Jackie Orris.

539. Declaration of Kyri Fujiwara.

540. Easy Spirit 2000 Gross Cost Shipments by Salesperson (Confidential) (attached to Declaration of Muriel Schreck in Support of Motion for Summary Judgment as Attachment 2).