UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

HOWARD KERSTINE,

    Plaintiff,

v.

NINE WEST GROUP INC. and
JONES APPAREL GROUP,

    Defendants.

CIVIL ACTION NO. C-1-02-080

October 29, 2004

**DEFENDANTS' REPLY MEMORANDUM REGARDING THEIR
MOTION IN LIMINE TO EXCLUDE THE TRIAL TESTIMONY OF THIRD PARTY
WITNESSES ROBERT STIX AND JAMES HURLEY
AND VARIOUS TRIAL EXHIBITS**

I. **PRELIMINARY STATEMENT**

    Defendants Nine West Group Inc. and Jones Apparel Group, Inc. submit this memorandum of law in reply to Mr. Kerstine's opposition to defendants' motion to exclude the trial testimony of third party witnesses Robert Stix and James Hurley, and various trial exhibits.

II. **ARGUMENT**

    A. **Mr. Stix and Mr. Hurley's Testimony Should Be Precluded**

    Despite his clams to the contrary, and despite the fact that he has never disclosed them as experts, Mr. Kerstine is attempting to have Mr. Stix and Mr. Hurley provide expert testimony. Mr. Kerstine states that he is planning to have Mr. Stix testify regarding "layoff practices in the industry" and that "the alleged basis for the Kerstine layoff was outside industry norms." Kerstine's Opp. at p. 2. While not explicitly addressing Mr. Hurley, Mr. Kerstine implies his testimony will substantively be the same.

**ORAL ARGUMENT IS REQUESTED
TESTIMONY IS NOT REQUIRED**

Testimony regarding industry practices, and comparing those practices to Mr. Kerstine's case, is indeed expert testimony. See Intercargo Ins. Co. v. Burlington N. Santa Fe R.R., 185 F. Supp. 2d 1103, 1115 (D. Cal. 2001) (noting experts may testify regarding industry standards where the average lay person has little or no knowledge regarding those industry standards); R.B. Ventures, Ltd. v. Shane, 91 Civ. 5678 (CSH), 2000 U.S. Dist. LEXIS 5631, at *5-6 (D.N.Y. 2000) (noting that expert opinion testimony may describe the customs and practices of a particular industry); Simkins Indus. v. Std. Group, Inc., No. 01CV000165315S, 2002 Conn. Super. LEXIS 1889 (Conn. Super. Ct., 2002) (granting motion in limine regarding industry standard testimony where witness was not timely disclosed as an expert).

In fact, Mr. Kerstine envisions the trial to include dueling expert testimony and suggests that if Defendants disagree with Mr. Stix's opinion regarding the shoe industry, Defendants should present their own "witness to demonstrate a different industry practice." Kerstine's Opp. at p. 3. Mr. Stix and Mr. Hurley were not identified as experts and may not provide expert testimony under the guise of lay opinion.

Mr. Kerstine's reliance on Wexler v. White's Fine Furniture Inc., 317 F.3d 564 (6th Cir. 2003) is also misplaced. Contrary to Mr. Kerstine's claim, Wexler does not imply that Nine West's business judgment should be held to some industry standard to which Mr. Stix and Mr. Hurley would testify. Wexler only provides that:

> This court has held that the reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation. Smith v. Chrysler Corp., 155 F.3d 799, 807 (6th Cir. 1998) (holding that, in evaluating a proffered nondiscriminatory basis for an employment action, courts should inquire into "whether the employer made a reasonably informed and considered decision before taking an adverse employment action");

Wexler v. White's Fine Furniture, 317 F.3d 564, 576 (6th Cir. 2003).

"The decisional process used by the employer does not have to be optimal or so complete that it left no stone unturned, rather, the key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action." Smith, 155 F.3d at 807-08 (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981)). Accordingly, Mr. Stix and Mr. Hurley's testimony is inappropriate because they cannot testify regarding whether Nine West's decision was reasonably informed and considered prior to selecting Mr. Kerstine for lay-off. Indeed, Mr. Stix was never employed by Nine West under its relevant ownership and had left the industry approximately 11 years earlier.

Furthermore, even if Mr. Stix were to limit his testimony only to his personal experiences at the predecessor company, such testimony is completely irrelevant. In his opposition, Mr. Kerstine states that he intends to have Mr. Stix testify regarding "his knowledge of layoffs in the predecessor company." Kerstine's Opp. at p. 2. As noted in the underlying memorandum, such facts are simply irrelevant because these events occurred at least 9 years before Jones Apparel Group became the parent of Mr. Kerstine's employer Nine West, and 11 years before Mr. Kerstine was selected for lay-off.

B. **Certain Exhibits Proffered by Plaintiff Should Be Precluded**

The charts Mr. Kerstine is attempting to use at trial are not summaries under Rule 1006 as he claims.[1] Under Rule 1006, the charts would have to have been created from other voluminous documents "which cannot conveniently be examined in court" and that the "originals, or duplicates, shall be made available . . . ." Mr. Kerstine's claims that the charts

---

[1] Rule 1006. Summaries. The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

3

"assist the jury in understanding the evidence" is not the end of the matter. Mr. Kerstine's charts were not created from voluminous documents, in fact, many were simply based upon Mr. Kerstine's own recollections after he was discharged.

Despite his arguments to the contrary, the personal journal entries that Mr. Kerstine seeks to introduce into evidence are inadmissible hearsay. Mr. Kerstine states in his opposition that it is "ironic" that Defendants intend to use his journal entries as exhibits, but object to his use of the entries. Kerstine's Opp. at p. 5. However, Defendants may use the journal entries because they are not hearsay, but rather, admissions by a party-opponent. See Rule 801(d)(2). Mr. Kerstine cannot invoke any such rule to permit the admission of his own journal entries as exhibits.

Mr. Kerstine states that he will likely not use the declarations as exhibits at trial. Kerstine's Opp. at p. 5. Defendants note that any use of the declarations as past recorded recollections is inappropriate because the declarations were not prepared when the events were fresh in the minds of the witnesses. See Rule 803(5) (stating requirement that the events described be "made or adopted by the witness when the matter was fresh in the witness' memory . . . [and that the document] "may not itself be received as an exhibit unless offered by an adverse party.") Mr. Kerstine has agreed that he will likely not use the exhibits, it is inappropriate to do so, and the declarations should be excluded from evidence.

## III. CONCLUSION

Despite Mr. Kerstine's arguments to the contrary, Mr. Stix and Mr. Hurley's testimony is inadmissible because it is irrelevant, unfairly prejudicial, and will provide improper lay/expert opinion regarding the ultimate issue in this matter. Mr. Kerstine's exhibits are inadmissible because they are hearsay and demonstrative evidence.

DEFENDANTS,
NINE WEST GROUP INC. and
JONES APPAREL GROUP, INC.

By:  s/Gary L. Greenberg
Gary L. Greenberg (0023180)
DENLINGER, ROSENTHAL
    & GREENBERG, CO.LPA
2310 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202
(513) 621-3440 (Telephone)
(513) 621-4449 (Facsimile)

-and-

Conrad S. Kee – Pro Hac Vice
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904-0251
(203) 961-0404
(203) 324-4704 (Fax)

Their Attorneys

## CERTIFICATION OF SERVICE

This is to certify that on October 29, 2004, a copy of the foregoing was served electronically through the Court's electronic filing system, to counsel of record: Paul H. Tobias, of Tobias, Kraus & Torchia, 414 Walnut Street, Suite 911, Cincinnati, Ohio 45202.

s/Gary L. Greenberg

Gary L. Greenberg