# APPENDIX A

**Plaintiff's Witness List**

| NAME | ADDRESS | TESTIMONY SYNOPSIS |
|---|---|---|
| Howard Kerstine | 1485 Pine Tree Lane<br>Prescott, Arizona 86303 | Will testify concerning all aspects of his claims and as per his deposition. |
| Marilyn Kerstine | 1485 Pine Tree Lane<br>Prescott, Arizona 86303 | Will testify concerning Plaintiff's claims of promissory estoppel, as well as various aspects of damages including emotional distress. |
| Robert Deaton | C/O Defendants | Will testify concerning his job responsibilities before and after Plaintiff's termination and concerning Plaintiff's duties and qualifications compared with others. |
| Robert Stix | 118 Cuyama Road<br>Ojai, California 93023 | Will testify as per his declaration concerning industry standard practice in layoffs and practices used in Defendants' past layoffs in comparison with practices employed during Plaintiff's termination. |
| James Hurley | 6695 South A-1-A Highway<br>Melbourne Beach, Florida 32951 | Will testify as per his declaration concerning Plaintiff's extensive qualifications and experience. |
| Jerry Hemphill | 4545 North River Drive<br>Cumming, Georgia 30041 | Will testify as per his declaration and concerning Plaintiff's extensive qualifications and experience, as well as Defendants' bias against older employees. |
| Arthur Parks | 8228 Lakeridge Drive<br>West Chester, Ohio 45069 | Will testify as per his declaration concerning Plaintiff's extensive qualifications and experience, as well as Defendants' bias against older employees and his own experience. |
| Brent Ryman | 99 West Arroyo Street<br>Reno, Nevada 89505 | Will testify as per his declaration. |
| Company Representatives | C/O Defendant | Will Identify and authenticate documents. Will testify as-on- |

| | | cross as per their depositions |
|---|---|---|

## APPENDIX B

**Defendants' Witness List**

1. Muriel Schreck — Will testify as to certain aspects the decision to reduce force and circumstances leading to the termination of Plaintiff's employment.

2. Susan Itzkowitz — Will testify as to certain aspects of the decision to reduce force and circumstances leading to the termination of Plaintiff's employment.

3. Jackie Orris — Will testify as to certain aspects the decision to reduce force and circumstances leading to the termination of Plaintiff's employment, and Defendants' good faith effort to comply with the ADEA and the other anti-discrimination laws applicable to this case.

4. Geoffrey Ward — Will testify as to certain aspects the decision to reduce force and circumstances leading to the termination of Plaintiff's employment.

5. Richard Paterno — Will testify as to the circumstances of Plaintiff's decision to take the Regional Sales Director position and remain in Cincinnati. Will also testify about his own employment agreement with Defendants, the general employment practices at Defendants and his discussions with Plaintiff about Plaintiff's employment with Defendants.

6. Aida Tejero-DeColli — Will testify as to certain aspects the decision to reduce force and circumstances leading to the termination of Plaintiff's employment, and Defendants' good faith effort to comply with the ADEA and the other anti-discrimination laws applicable to this case.

7. Howard Kerstine — Plaintiff. Will testify as to all aspects of his employment and claims herein.

| | |
|---|---|
| Exhibit 36 | Plaintiff diary excerpt dated October 30, 1999. |
| Exhibit 37 | Map prepared by Plaintiff showing sales staff prior to August 7, 2001. |
| Exhibit 38 | Map prepared by Plaintiff showing sales staff prior to August 7, 2001 with additional handwritten corrections. |
| Exhibit 39 | Chart prepared by Plaintiff showing sales force as of July 1, 2001. |
| Exhibit 40 | Letter from Patricia Lind dated October 18, 2001. |
| Exhibit 41 | List of Nine West employees terminated August 2001. |
| Exhibit 42 | List of Order Entry employees. |
| Exhibit 43 | Declaration of Howard Kerstine. |
| Exhibit 44 | List of the Midwest Division for 1998 showing $22,578,589 in shipments to stores in Plaintiff's area, which he shared the responsibility for servicing. |
| Exhibit 45 | Plaintiff's 1998 Annual Performance Appraisal. |
| Exhibit 46 | Plaintiff's performance report for 1997, showing exceptional performance with department stores. |
| Exhibit 47 | Letter of praise from Nine West's Manager Brenda Lauderback to Plaintiff concerning his work with the Belk Department Store chain. |
| Exhibit 48 | Plaintiff's analysis of what happened to Easy Spirit personnel based on his personal knowledge and company records furnished. |
| Exhibit 49 | Form showing the effective date of Kyri Fujiwara's promotion to the position of Regional Sales Director was August 13, 2001 around the time of Plaintiff's termination on August 7, 2001. |
| Exhibit 50 | Portions of Plaintiff's diary. |
| Exhibit 51 | Declaration of Jerry Hemphill. |
| Exhibit 52 | Declaration of James Hurley. |
| Exhibit 53 | Declaration of Arthur Parks. |
| Exhibit 54 | Declaration of Robert Stix. |
| Exhibit 55 | Letter of Grenier dated April 22, 2003 containing dates of birth of various employees. |
| Exhibit 56 | A list of names, positions and dates of birth and ages of Easy Spirit sales staff at the time of the August 2001 RIF as of June 1, 2001 |
| Exhibit 57 | Advertisement June 24, 2002. |
| Exhibit 58 | Easy Spirit Sales Organization – January 30, 1998. |
| Exhibit 59 | Easy Spirit Organizational Chart – November 9, 1998. |
| Exhibit 60 | Email from Jackie Orris to Susan Itzkowitz – July 5, 2001. |
| Exhibit 61 | Email from Jackie Orris to Susan Itzkowitz – July 16, 2001. |

| | |
|---|---|
| **Exhibit 62** | Email from Aida Tejero-DeColli to Jackie Orris – June 25, 2001 with attached list. |
| **Exhibit 63** | Jones Apparel Standard and Poors Sheet – November 22, 2003. |
| **Exhibit 64** | Email from Jackie Orris to Aida Tejero-DeColli – August 7, 2001. |
| **Exhibit 65** | Job Hunt Summary. |
| **Exhibit 66** | Letter to Jules Schneider from Howard Kerstine. |
| **Exhibit 67** | Plaintiff's economic damage calculation showing $438,554 to November 15, 2004 and front pay of $314,416. |
| **Exhibit 68** | Annual Performance Appraisal of Howard Kerstine. |
| **Exhibit 69** | Jones Apparel Group Stock Report. |
| **Exhibit 70** | Letter of Grenier dated March 26, 2003. |
| **Exhibit 71** | Ages of Employees as of August 1, 2001. |

## APPENDIX E

## DEFENDANTS' EXHIBITS

500. Plaintiff's U.S. Shoe Application for Employment, dated 12/21/92 (attached to Defendants' Memorandum of Law in Support of Motion for Summary Judgment at Tab 2).

501. Nine West Group Inc.'s Associate Handbook (effective January 1998) (attached to Defendants' Memorandum of Law in Support of Motion for Summary Judgment at Tab 3).

502. Chart identifying division's savings from the position eliminations and identifying how to shift accounts (attached to Declaration of Muriel Schreck in Support of Motion for Summary Judgment as Attachment 3).

503. Plaintiff's Annual Performance Appraisal – Self (Review Period: 1996).

504. Plaintiff's Regional Sales Director Self Appraisal (Review Period: 2/99 to 12/99).

505. Plaintiff's 2/19/94 personal journal entry regarding Plaintiff's concerns about discrimination against males and older workers.

506. Plaintiff's 3/1/97 personal journal entry regarding Plaintiff's discussion with Rick Paterno about Plaintiff's decision to take the Regional Sales Director job in Cincinnati.

507. Plaintiff's 3/1/97 personal journal entry regarding Plaintiff's discussion with Joe Dzialo about Plaintiff's decision to take the RSD position in Cincinnati.

508. Plaintiff's 5/15/97 personal journal entry regarding "My Future," discussing staying on as V.P. Sales while still living in Cincinnati.

509. Plaintiff's 5/24/97 personal journal entry regarding "My Future," discussing second conversation with Rick Paterno regarding Plaintiff staying on as V.P. Sales while continuing to live in Cincinnati.

510. Plaintiff's 11/22/97 personal journal entry regarding discussions with Rick Paterno and Joe Dzialo regarding office space in White Plains and Plaintiff's future if Paterno left company.

511. Plaintiff's 5/16/98 personal journal entry regarding conversation with Rick Paterno about Plaintiff's decision whether to stay on as V.P. Sales (coming to White Plains twice per week) or take the RSD position in Cincinnati.

512. Plaintiff's 7/30/98, 7/31/98 and 8/1/98 personal journal entries regarding Plaintiff's decision to take the RSD position.

513. Plaintiff's 12/12/98 personal journal entry regarding job offer to Plaintiff from Penobscott and Plaintiff's decision to "abdicate" his V.P. Sales position.

514. Plaintiff's 10/26/99 personal journal entry regarding call from Rich Demma regarding job offer at Selby and Plaintiff's readiness to leave Easy Spirit.

515. Plaintiff's 2/9/00 personal journal entry regarding Plaintiff's meeting with Rich Demma and Colleen Hanley about Executive V.P. position with Old Maine Trotter.

516. Plaintiff's 2/11/00 personal journal entry regarding Plaintiff's discussions with Rich Demma about Old Maine Trotter job, including salary and fact no employment contract.

517. Plaintiff's 2/13/00 personal journal entry regarding demand for more money and "three year no cut clause contract" to take Old Maine Trotter.

518. Plaintiff's 2/19/00 personal journal entry regarding Rich Demma's request Plaintiff reconsider Old Maine Trotter job, which Plaintiff declined.

519. Plaintiff's 2/24/01 personal journal entry regarding discussions with Rick Paterno about Paterno's desire to leave Easy Spirit, and impact Paterno leaving has on Plaintiff's job security.

520. Plaintiff's 3/3/01 Self Appraisal for himself and Bob Deaton.

521. Plaintiff's 4/12/01 and 4/17/01 personal journal entry regarding Plaintiff's Rick Paterno leaving and Mim Schreck taking over as President of Easy Spirit.

522. Plaintiff's 5/12/01 personal journal entry regarding discussions with Glen Ward about Plaintiff's "deal" with Paterno.

523. Plaintiff's 5/17/01 personal journal entry regarding Elder Beerman being put on credit hold and the negative implications that has on Plaintiff's employment.

524. Nine West Group Inc. Organizational Chart – 2001, Easy Spirit Wholesale.

525. Plaintiff's 5/30/01 personal journal entry regarding fears Mim Schreck intended to cut size of sales force.

526. Plaintiff's 6/5/01 personal journal entry regarding Plaintiff's concern his position might be eliminated and his hope for a severance package.

527. Plaintiff's 8/5/01, 8/8/01 and 8/12/01 personal journal entries regarding Plaintiff's reaction to the elimination of his position by Nine West.

528. Plaintiff's prepared notes for telephone call with Mim Schreck on August 7, 2001 (entitled "Conversation on Aug. 7, 2001"), with Plaintiff's handwritten notes included.

529. Plaintiff's 8/7/01 personal journal entry entitled "Memo for Record" regarding follow-up telephone call with Jackie Orris.

530. Plaintiff's undated personal journal entry regarding offer of employment from National Shoe Retailers Association to be President.

531. Plaintiff's 1/5/02 and 1/6/02 personal journal entries regarding Plaintiff's dislike for NSRA position, but belief it gives credence to age discrimination claim against Defendants.

532. Plaintiff's 3/26/02 personal journal entry regarding decision to retire from NSRA and Plaintiff's "Draft Notes on potential position with NSRA" regarding consulting position.

533. Plaintiff's 4/4/02 personal journal entry regarding inquiry from Greg Tunney of Daniel Green as to Plaintiff's interest in starting a new division.

534. Plaintiff's 4/19/02, 4/22/02 and 5/15/02 personal journal entries regarding Plaintiff's discussions and negotiations with Mark Lemp for new job.

535. Plaintiff's 5/6/02 personal journal entry regarding Plaintiff's new position with Mark Lemp.

536. Declaration of Muriel "Mim" Schreck.

537. Declaration of Sandra Rogan.

538. Declaration of Jackie Orris.

539. Declaration of Kyri Fujiwara.

540. Easy Spirit 2000 Gross Cost Shipments by Salesperson (Confidential) (attached to Declaration of Muriel Schreck in Support of Motion for Summary Judgment as Attachment 2).

## APPENDIX C

## JOINT EXHIBITS

I. List of Names, Positions and Dates of Birth of Easy Spirit Wholesale Sales Staff at Time of August 2001 Reduction in Force (attached to Defendants' Memorandum of Law in Support of Motion for Summary Judgment at Tab 1).

II. [omitted]

III. Plaintiff's 1997/1998 Annual Performance Appraisal – Self.

IV. Plaintiff's 1998 Annual Performance Appraisal – Self.

V. Plaintiff's 10/30/99 personal journal entry.

VI. Plaintiff's notes regarding substance of Plaintiff's telephone with Mim Schreck and Jackie Orris (entitled "Transcript – svd as trnscrpt – Phone conversation Dtd Aug 7, 2001/12:30 PM").

APPENDIX D

**Plaintiff's Exhibits**

| | |
|---|---|
| Exhibit 1 | A list of names, positions and dates of birth of Easy Spirit sales staff at the time of the August 2001 RIF. |
| Exhibit 2 | A list of proposed terminations prepared by Nine West Human Relations dated July 5, 2001. |
| Exhibit 3 | A list of Easy Spirit employees as of August 1, 2001, which contained the word "eliminated" after the names of eleven employees with a line through the word "eliminated" after the names of Amy Castro, age 27, and Robert Deaton, age 39, who transferred to fill openings and Amy Nelson, age 26, who was listed as "transferred." |
| Exhibit 4 | An email from Jackie Orris, Nine West Human Resource Director concerning discussions with Melissa Saraco about what jobs are open for transfer. |
| Exhibit 5 | A form showing Suzanne Fonarow with starting date of August 13, 2001 as Director of Sales & Marketing for Enzo. |
| Exhibit 6 | A copy of Defendant's Answer to Plaintiff's Interrogatory Number 6. |
| Exhibit 7 | Defendants' memorandum of meeting to discuss August 2001 RIF. |
| Exhibit 8 | Chart prepared by Plaintiff showing the Easy Spirit Sales organization as of August 20, 2001. |
| Exhibit 9 | Letter of Defendants' Counsel Patricia Lind, dated September 14, 2001. |
| Exhibit 10 | Authorization Form showing Suzanne Fonarow, age 44, starting as Director of Sales & Marketing for Enzo on August 13, 2001. |
| Exhibit 11 | List of 24 Nine West employees slated for layoff in August 2001, including three who were subsequently transferred to fill openings and were not terminated: Bob Deaton, age 39; Amy Castro, age 27; and Abiba Kindo, age 22. |
| Exhibit 12 | List of Nine West employees slated for layoff, listed by division. |
| Exhibit 13 | Map prepared by Plaintiff showing Easy Spirit Regional Sales Directors ("RSDs") prior to August 7, 2001. |
| Exhibit 14 | List of employees prepared by Defendants including those employees eligible to participate in August 2001 Nine West severance program and indicating those selected for layoff and those not selected for layoff. |
| Exhibit 15 | Transcript of a phone conversation identified by Plaintiff as placed by company officials Orris and Schreck to Plaintiff on August 7, 2001. |
| Exhibit 16 | Identification of three open positions with salary over $85,000 within Easy Spirit Division during the period of June 1, 2001 to January 1, 2002. |

| | |
|---|---|
| Exhibit 17 | Identification of the Easy Spirit Sales force, employee salaries, territories, and sales volume. Identifies the nine employees "eliminated" and three employees originally listed who were transferred to openings: Amy Nelson, age 25; Bob Deaton, age 39; and Amy Castro, age 27. |
| Exhibit 18 | List of the Human Resource Representatives assigned to notify those let go. Includes Aida Tejero-DeColli, HR Vice President for Jones Apparel, who was assigned to two Easy Spirit employees. |
| Exhibit 19 | Nine West Associate Change Forms showing 14 Nine West employees transferred in July, August, September and October 2001. |
| Exhibit 20 | Nine West Associate Change Forms showing transfer of 11 employees at various times in 2001 and 2002. |
| Exhibit 21 | Termination Guide dated August 7, 2001 containing speech to be given to terminated employees. |
| Exhibit 22 | List of those still working for Easy Spirit as of November 2002 and a listing of those who left during the period 1998 through 2002. |
| Exhibit 23 | List of Nine West terminations during the years 2000 and 2002. |
| Exhibit 24 | List showing sales numbers for Easy Spirit RSDs and Account Executives in 2000. |
| Exhibit 25 | List of Easy Spirit staff as of July 2002 showing the RSD position has been abolished. All RSDs are now called Sales Executives along with the other Account Executives. It also shows Anne Morrissey and Helene Whitney as having filled Vice President positions since August 7, 2001. |
| Exhibit 26 | List of 2000 Gross Shipments by Salesperson for Easy Spirit. |
| Exhibit 27 | List of Account Coordinators including those laid off August 2001. |
| Exhibit 28 | Organizational chart of Easy Spirit prepared sometime between May 1, 2001 and August 31, 2001. Shows the RSD position vacated by Ward as "open" and the Director of Sales position as also "open." |
| Exhibit 29 | Self-appraisal of Plaintiff for period February 1999 through December 1999. |
| Exhibit 30 | 1997 to 1998 Annual Performance Appraisal of Plaintiff indicating Plaintiff's performance against basic job accountabilities for 1996 in comparison to 1997. |
| Exhibit 31 | Shipping report of Plaintiff for the first six months of 2001 indicating high performance. |
| Exhibit 32 | March 3, 2001 Self-Appraisal form for Plaintiff. |
| Exhibit 33 | Chart indicating Easy Spirit Job Descriptions. |
| Exhibit 34 | Easy Spirit Team Responsibilities for accounts. |
| Exhibit 35 | List of shipments for Plaintiff's & Deaton's Region as of July 21, 2001. |