**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **HOWARD M. KERSTINE** | : | |
| | : | **CASE NO.  C-1-02-080** |
| Plaintiff | : | Magistrate Judge Hogan |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S REPLY** |
| **NINE WEST GROUP, INC.** | : | **MEMORANDUM IN SUPPORT** |
| **JONES APPAREL GROUP** | : | **OF HIS MOTION IN LIMINE** |
| | : | |
| Defendants | : | |

Now comes Plaintiff and submits this Reply brief in support of his motion in limine. Plaintiff has objected to the use of certain statements from his personal journal at trial because they relate to offers of compromise under Evidence Rule 408, they are irrelevant under Rule 401, and they are unfairly prejudicial under Rule 403.

Defendant claims that Rule 408 presents no barrier to admitting the journal entries because such entries can be used for purposes other than "proving the invalidity of the claim or its amount." See Fed. R. Evid 408.  Rule 408 does list certain alternative purposes for which settlement negotiations can be admitted including showing the "bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."  Defendant lists a series of cases that show instances where courts have admitted settlement communications for alternative purposes.  However, Defendant does not demonstrate how any of these cases are applicable to the case at bar.

Indeed, the Kraemer and Cassino cases on page 3 of Defendant's opposition memorandum are cases in which the employer's, not the employee's, communications were admitted.  In one cases it was admitted to impeach credibility and in the other it was

admitted to show the circumstances surrounding a termination.  Defendant has not shown that either of those alternative reasons for admission is applicable here.

Defendant claims that the journal entries are "related to other issues, such as Plaintiff's state of mind, bias, his then present emotional state, his actual damages, and his varying intentions to mitigate damages by seeking other employment."  However, Defendant never explains how the journal entries are related to any of these alternative reasons.  First, Defendant does not state how such journal entries would show bias.  Second, Defendant does not show why Plaintiff's state of mind would be relevant.  Plaintiff's state of mind after his termination is not related to any claim or defense.  Third, while Plaintiff's emotional status is at issue in the case, Defendant has not shown any case that would allow settlement communications to be admitted for this reason.  Furthermore, even if the journal entries had some limited probative value on Kerstine's emotional distress, it is clearly outweighed by the danger of unfair prejudice.  Defendant's intent is clearly to admit the journal entries to make the case seem worth less than its true value.  The true value is measured by the differences in pay and benefits earned and not in what Kerstine would have taken to settle the case.  This is precisely why Rule 408 exists—to encourage settlement, discussion of settlement, and thoughts of settlement by protecting them from the jury.

Fourth, Plaintiff's intention to mitigate is not an issue in the case.  It does not matter whether he *intended* to mitigate.  It only matters whether he *did* mitigate.  Defendant has the burden of demonstrating that Plaintiff failed to apply for or accept similar positions in the locality.  Defendant will not be able to demonstrate a failure on Plaintiff's part.  What matters is what Kerstine did, not what he thought.  Thus, intent to mitigate has no bearing.

Defendant has failed to show that Rule 408 should not prohibit introduction of the journal entries. Rule 408 prohibits these settlement and settlement related entries from being admitted and unfairly prejudicing Plaintiff. Defendant has shown no alternative basis for their admission. Even if an alternative basis could be shown, admission would still be unfairly prejudicial to Plaintiff. For these reasons, the motion in limine should be granted and all argument, discussion, and admissibility of the journal entries should be barred.

Respectfully submitted,

s/David D. Kammer
Paul H. Tobias – 0032415
David D. Kammer – 0061808
Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (fax)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically serve Gary L. Greenberg, Esq., Denlinger, Rosenthal & Greenberg, 2310 Firstar Tower, 425 Walnut Street, Cincinnati, Ohio 45202 and I hereby certify that I have emailed the document to the following non CM/ECF participant: Peter Bulmer, Esq., Jackson, Lewis Schnitzler & Krupman, on November 3, 2004.

s/David D. Kammer
David D. Kammer – 0061808